GUY W. KELSEY, Respondent, *v.* CAROLINE A. KELSEY, Appellant.

Fourth Department, December 22, 1922.

**Husband and wife — divorce — parties were residents of this State — wife secured divorce in Pennsylvania without personal service on husband, or appearance by him — wife remarried in Pennsylvania and thereafter husband remarried with knowledge of wife's divorce — Pennsylvania decree not valid here as to husband — husband not entitled to divorce.**

A decree of divorce granted by the courts of Pennsylvania to a wife who, with her husband, was a resident of this State and who went to Pennsylvania for the sole purpose of procuring the divorce, is not valid here as to the husband, where it appears that the divorce was granted without personal service of the summons on him and without his appearance in the action.

The husband is not entitled to a divorce in this State on the ground that his wife remarried after securing the Pennsylvania divorce and cohabited here with the man she married, where it appears that the husband himself remarried in this State prior to the commencement of this action for divorce.

CLARK, J., dissents.

APPEAL by the defendant, Caroline A. Kelsey, from an interlocutory judgment of divorce of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 8th day of August, 1921, upon the decision of the court rendered after a trial at the Monroe Equity Term.

*MacFarlane & Harris* [*William MacFarlane* of counsel], for the appellant.

*James R. Creary*, for the respondent.

KRUSE, P. J.:

The parties to this action were married in 1904. They lived together as husband and wife for nearly eight years. Owing to differences the defendant left the plaintiff and obtained a divorce from him in the State of Pennsylvania in December, 1914, and afterward married James Bell in that State and lived with him there as his wife and later in this State. The plaintiff brings this action based upon charges of adultery thus committed by defendant while living with Bell in this State, covering a period from May 5, 1915, to December 21, 1918.

Certified copies of the Pennsylvania divorce proceedings were offered in evidence and excluded. I think they should have been admitted. But enough appears to show that the matrimonial domicile of the parties remained in this State, and that personal service was not made upon the plaintiff, and that he did not appear in the Pennsylvania suit. The decree of divorce, though valid

in Pennsylvania, was, therefore, without effect in this State as to the plaintiff. (*Haddock* v. *Haddock*, 201 U. S. 562; *Ball* v. *Cross*, 231 N. Y. 329.) But it does not necessarily follow that the plaintiff is now entitled to a divorce against his first wife on account of her relation with her second husband. After such divorce the plaintiff also remarried.

It is true, as plaintiff contends, that the defendant may not question the Pennsylvania divorce. (*Starbuck* v. *Starbuck*, 173 N. Y. 503; *Kaufman* v. *Kaufman*, 177 App. Div. 162.) But this, I think, does not help the plaintiff in his present contention. He knew, when he married his second wife, of the Pennsylvania divorce and the remarriage of the defendant. He must have known that he had not been served with process, and presumably he knew the law of this State. Knowing these facts he remarried and cohabited with his second wife. There is no claim that he remarried under a mistake of law or fact as to the effect of the Pennsylvania divorce.

I am not aware of any decision of the appellate courts in this State upon the precise question here. In *Geisselman* v. *Geisselman* (134 Md. 453; 107 Atl. Rep. 185), where a wife had committed adultery and was subsequently imprisoned and the husband remarried, thinking that his first marriage was dissolved thereby, the Court of Appeals of Maryland held that he was not entitled to a divorce from his first wife on the ground of her adultery. (See, also, *Peirce* v. *Peirce*, 160 Mass. 216.) So here, if plaintiff desired to challenge his first wife's divorce and her remarriage he should have delayed his second marriage until he had obtained a divorce from his first wife. I think now he is not in position to invoke such relief.

The judgment should, therefore, be reversed and the words " or otherwise " immediately following the word " personally " in the second line of the fourth finding of fact should be stricken out. While the evidence is to the effect that the plaintiff was not personally served, there is no proof that he was not otherwise served with the summons and complaint. In all probability there was substituted service, and that the divorce was valid and effective in the State of Pennsylvania, and the facts as set forth in paragraphs 1 and 2 of the matter set up in the defendant's amended answer as a first and separate defense should be found.

The judgment should be reversed and the complaint dismissed, with costs.

All concur, except CLARK, J., who dissents and votes for affirmance.

Interlocutory judgment reversed and complaint dismissed, with costs. The words " or otherwise " immediately following the word " personally " in the second line of the fourth finding of fact, are reversed and stricken out, and this court makes additional findings of fact, substantially as set forth in the first and second paragraphs of the matter set forth as a first and separate defense in the defendant's amended answer.