Term. The action was brought to establish and admeasure plaintiff's alleged dower rights in real estate of which one James Bell died seized. The defense was that plaintiff was not the lawful wife of James Bell, she having another husband living. It appeared that plaintiff, a resident of this state, abandoned her husband and went to Pennsylvania for the sole purpose of obtaining a divorce. In her action brought for that purpose process was never served personally upon her husband nor did he appear in the action. Bell, a resident of this state, with knowledge of these facts went to Pennsylvania and married plaintiff after she procured her decree and they then returned to this state and lived together as husband and wife until the death of Bell. It was held that plaintiff had no dower interest in the estate.

*William MacFarlane* for appellant.
*James R. Creary* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

GUY W. KELSEY, Appellant, *v.* CAROLINE A. KELSEY, Respondent.

*Husband and wife — divorce — when husband not entitled to divorce on ground of adultery of wife where she marries and cohabits with another after obtaining foreign divorce which is invalid here.*

*Kelsey* v. *Kelsey*, 204 App. Div. 116, affirmed.

(Argued October 26, 1923; decided November 20, 1923.)

APPEAL from a judgment, entered January 4, 1923, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at an Equity Term and directing a dismissal of the complaint. The action was brought, husband against wife, to procure an absolute divorce on the ground that the wife after procuring a divorce in a foreign state had married another in that state and both

returning here had lived together as husband and wife. The Appellate Division held that plaintiff was not entitled to divorce because he, himself, had remarried after his wife obtained her divorce.

*James R. Creary* for appellant.

*William MacFarlane* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* GIUSEPPE DE MATTEO, Appellant.

*Crimes — murder in first degree — judgment of conviction affirmed.*

(Argued October 22, 1923; decided November 27, 1923.)

APPEAL from a judgment of the Supreme Court, rendered May 17, 1923, at a Trial Term for the county of Kings upon a verdict convicting the defendant of the crime of murder in the first degree.

*Robert H. Elder* for appellant.

*Charles J. Dodd, District Attorney (Henry J. Walsh* of counsel), for respondent.

Judgment of conviction affirmed; no opinion.

Concur: CARDOZO, POUND, MCLAUGHLIN and ANDREWS, JJ.; HISCOCK, Ch. J., concurs under provisions of section 542 of the Code of Criminal Procedure. Dissenting: CRANE, J. Not voting: HOGAN, J.

---

DISLINDA GILL, as Administratrix of the Estate of ANTHONY GILL, Deceased, Respondent, *v.* UNITED AMERICAN LINES, Appellant.

*Appeal — unanimous affirmance of judgment entered upon verdict — appeal to Court of Appeals, without permission, dismissed.*

*Gill* v. *United American Lines,* 206 App. Div. 778, appeal dismissed.
(Argued October 23, 1923; decided November 27, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department,