RUDOLPH H. WEBER, Plaintiff, *v.* ELSIE FOSTER WEBER, Defendant.

Supreme Court, Kings County, August 2, 1929.

*J. J. Robinson*, for the plaintiff.

*Deane & Cook*, for the defendant.

FABER, J. Defendant moves to strike out certain denials contained in plaintiff's reply as frivolous, and that she have judgment upon the pleadings. The action is for absolute divorce. The answer, after admitting and denying certain allegations of the complaint, pleads as a separate defense that plaintiff and defendant lived separate and apart from one another prior to June 28, 1928; that on that date they entered into an agreement of separation; that on November 13, 1928, plaintiff executed a power of attorney, a copy of which is annexed to the answer; that thereafter, in the Court of Civil Registry of the State of Campeche, Mexico, the defendant commenced an action for divorce from the plaintiff, resulting in a decree in favor of this defendant on December 28, 1928, a copy of which is annexed to the answer; that in January, 1929, a certified copy of the judgment of divorce was personally delivered to the plaintiff; that on January 15, 1929, the separation agreement was mutually modified and a supplemental agreement entered into, a copy of which is annexed to the answer; that thereafter the defendant moved to the State of Illinois and intermarried with Robert F. Dwyer; that up to and until January, 1929, the plaintiff paid the defendant $175 per month, and that, commencing February, 1929, and continuing through March, April and May, 1929, plaintiff paid to the defendant the sum of $60 a month, as provided in said supplemental agreement; that plaintiff had full and personal knowledge of all proceedings in said divorce action in Mexico, and, by reason of his appearance in said action, said judgment is binding upon him, and furthermore, by reason of his subsequent conduct, he has recognized said judgment, and in equity and good conscience he is, therefore, debarred and estopped from prosecuting this action.

Plaintiff, in replying to such separate defense, admits all the allegations thereof, except that which refers to his personal knowledge of the divorce action, and that it was binding upon him, and that he is estopped from prosecuting this action, which allegation he denies, and the further allegation as to the commencement of the action for divorce and the entry of judgment thereon, as to which he denies knowledge or information sufficient to form a belief. In the face of the allegations of plaintiff's complaint and admissions contained in his reply, I deem the so-called

denials referred to as frivolous and sham, and, therefore, strike them out. Moreover, some of the denials pertain to conclusions of law. By reason of that ruling, the allegations of defendant's separate defense stand undenied. In that state of the pleadings the sole question presented is whether or not the decree of divorce of the Mexican court is valid.

Plaintiff contends and alleges in his complaint that the conduct of the parties constitutes a fraud upon the people of the State of New York, and upon its laws, because neither of the parties left the State of New York to obtain such decree. It may possibly be that such a fraud was committed, although I do not decide that question here, but it does not lie in the mouth of either of them to now cry " fraud " when each of them was a party to such alleged fraud. It is a general fundamental maxim of the common law that no one shall be permitted to profit by his own fraud, to take advantage of his own wrong, to found any claim upon his own iniquity, or to acquire property by his own crime. (*Riggs* v. *Palmer*, 115 N. Y. 506; *Kelsey* v. *Kelsey*, 204 App. Div. 116; affd., 237 N. Y. 520.) The plaintiff having appeared in the Mexican court proceeding, and later accepted benefits under the decree granted there, should not be permitted to come into a court of equity and endeavor to profit by his own wrong. The parties, having invoked the jurisdiction of the Mexican court, cannot now be heard to attack the decree of that court. (See *Starbuck* v. *Starbuck*, 173 N. Y. 503.)

For the reasons stated, the motion to strike out the denials contained in paragraphs 3 and 4 of the reply and for judgment upon the pleadings is granted, with ten dollars costs. Settle order on notice.