626–628 PARKSIDE AVENUE CORPORATION, Respondent, v. PISTORIA BONAVENTURA and Another, Appellants, and Another, Defendant.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ.

RICHARD T. BROWN, Respondent, v. MATTHEW HENRY and Others, Defendants, Impleaded with MAX VAN RYCKEVORSEL and Others, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ.

BUSH TERMINAL COMPANY, Appellant, v. CITY OF NEW YORK, Respondent.— Order granting defendant's motion to dismiss the complaint for unreasonably failing to prosecute the action reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Upon the facts and circumstances shown, we think the plaintiff is not chargeable with unreasonably neglecting to proceed. The defendant is chargeable with responsibility for some of the delay. Hagarty, Scudder and Tompkins, JJ., concur; Lazansky, P. J., and Kapper, J., dissent and vote to affirm.

BUSH TERMINAL BUILDINGS COMPANY, Respondent, v. HARRY SCHWARTZ, Appellant.— Order and judgment reversed on the law, without costs, and motion for summary judgment denied, without costs. The defendant may serve an amended answer within ten days after entry of the order herein. The plaintiff had the right to supply electricity to its tenants as an incident to its business. The other issues of law and fact involved must be determined by the trial court. Lazansky, P. J., Kapper, Hagarty, Scudder and Tompkins, JJ., concur.

GUIDO COPPERFRETTI, Respondent, v. DAZEN E. SHEPHARD, Appellant.— Order of Appellate Term affirming an order of the Municipal Court, which denied the tenant's motion to open the default in summary proceedings and to dismiss the petition, reversed on the law and the facts, with costs, order of the Municipal Court reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The respondent, as landlord of the premises in question, claims title under a sale of the premises by the sheriff of Kings county, conducted by him pursuant to an uncollected judgment against James A. Shephard, Jr., the former owner of the property. The judgment against Shephard was illegally obtained upon substituted service and is void, since the requirements of section 23 of the New York City Municipal Court Code were not followed. A judgment may always be attacked directly or collaterally when it is shown that the court never obtained jurisdiction. (*Matter of Doey* v. *Howland Co.*, 224 N. Y. 30.) Since the landlord-respondent has no title, he cannot maintain summary proceedings against the tenant. It is immaterial to allege that the tenant's excuse for her default is insufficient in law and that she fails to show a good defense upon the merits. Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.