ANNA FESEL BROWN, Appellant, *v.* EDWARD GUSSIE BROWN, Respondent.*

Fourth Department, June 27, 1934.

*Fred J. O'Donnell,* for the appellant.

*Chester J. Winslow,* for the respondent.

PER CURIAM. The plaintiff's action is based upon a contract dependent upon a marriage between plaintiff and defendant. Defendant attempts to impugn the validity of this marriage by proof that a judgment of divorce previously obtained by himself in the courts of a sister State was invalid for lack of jurisdiction and that his former wife being living he was, therefore, incapable of entering into a valid marriage with the plaintiff. A party may not be heard to impeach a decree or judgment which he himself has procured to be entered in his own favor. (*Starbuck* v. *Starbuck,* 173 N. Y. 503; *Kelsey* v. *Kelsey,* 204 App. Div. 116; affd., 237 N. Y. 520; *Matter of Swales,* 60 App. Div. 599; *Simmonds* v. *Simmonds,* 78 Misc. 571.) The plaintiff's allegations as to the marriage of plaintiff and defendant are not under the circumstances overcome by defendant's proof of the invalidity of the dissolution of

a previous marriage of defendant with another woman now living. The plaintiff is entitled to judgment for the amount found owing under the terms of the contract by the trial justice.

All concur, except CROSBY and LEWIS, JJ., who dissent and vote for affirmance, with an additional finding of fact to the effect that the plaintiff herein had knowledge and acted in aid of the invalid divorce proceeding instituted in South Dakota by the present defendant against Vivina Haynes Brown. CROSBY and LEWIS, JJ. (dissenting): The plaintiff has failed to establish a legal marriage with defendant, which is a prerequisite to her recovery herein. (*Jones* v. *Jones*, 108 N. Y. 415.) As defendant is not seeking affirmative relief it is proper for him to assert the invalidity of the South Dakota divorce proceeding as a defense to this action. (*Fischer* v. *Fischer*, 254 N. Y. 463.) Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Judgment reversed on the law, with costs, and judgment granted in favor of the plaintiff in the sum of $355.43, with interest from August 21, 1933, with costs.