## SECOND DEPARTMENT, MARCH, 1936.

EDWARD V. SHANNON, Appellant, v. AUDREY V. SHANNON, Respondent.

Appeal by plaintiff from a judgment of the Supreme Court, entered in the Kings county clerk's office on November 1, 1935, dismissing the complaint on the merits, after trial at Special Term, upon default of defendant in appearance and answer or motion.

Action for divorce. Judgment in the form of a so-called " order " dismissing the complaint reversed on the law and the facts, without costs, and judgment directed for the plaintiff for the relief demanded in the complaint. Findings of fact and conclusions of law in accordance herewith will be made. The defendant defaulted and the plaintiff, upon adequate proof, was denied judgment on the theory that according judgment to him involved an attack by him on the validity of a prior divorce procured in Mexico. The Mexican proceedings were based on the consent of both . the plaintiff and the defendant under circumstances that rendered the decree wholly void. The relief which plaintiff seeks in this action is not inconsistent with his position in the void Mexican proceedings. His procedure herein involves no attack on the prior invalid decree. He seeks no advantage from the Mexican proceedings based on a position contradictory to his acts in that proceeding — nothing to the disadvantage of the wife or her estate; therefore, he is not estopped to seek a dissolution of the marriage status on grounds recognized in this State. A different situation would exist if he were taking an inconsistent position and seeking to gain an advantage from the change of position, such as was the situation in *Starbuck* v. *Starbuck* (173 N. Y. 503) and similar cases. Hence the rule in that case should not be applied here. This view will not offend our public policy and will enable the wife to take steps to put her present status on a firm and lawful basis. Lazansky, P. J., Young and Carswell, JJ., concur; Hagarty, J., with whom Davis, J., concurs, dissents and writes for affirmance. Settle order on notice.

HAGARTY, J. (dissenting). This is an action for divorce. The parties were married on the 14th day of February, 1925, and thereafter lived together as husband and wife in the State of New York until the 1st day of July, 1929, when they separated. Although they both continued their residence in the State of New York, they petitioned the Court of Civil Registry, Campeche, Mexico, for a divorce, which, in form, was granted them on the 29th day of April, 1932. On the second day of May following, the defendant wife entered into a marriage ceremony with one Fetherstonhaugh, in the State of Connecticut, and subsequently moved to Toronto, Canada, where she and Fetherstonhaugh now live as husband and wife.

The Mexican divorce is void. (*Matter of Alzmann* v. *Maher*, 231 App. Div. 139). The judgment being invalid, the general rule is that it is a nullity and might even be attacked collaterally. (*O'Donoghue* v. *Boies*, 159 N. Y. 87; *Matter of Doey* v. *Howland Co.*, 224 id. 30; *Copperfretti* v. *Shephard*, 241 App. Div. 872.) Judgments of divorce, however, sometimes present an exception to the rule because of altered circumstances of the parties, as when one or both remarry, with, perhaps, resulting birth of children. Thus we have cases where, as here, residents of this State have consented to the entry of judgments of divorce in other jurisdictions, and then have

sought the aid of our courts to have it adjudicated that such decrees of divorce were void, thus reinstating the original marriage state, for the purpose of capitalizing their own wrong by obtaining the estate of the deceased first spouse or ridding themselves of a second. In such cases it has been uniformly held that, even though the decree is void, where a party has conspired to obtain it and has recognized it by his conduct, he will not be permitted to impeach its validity. (*Matter of Swales*, 60 App. Div. 599; *Starbuck* v. *Starbuck*, 173 N. Y. 503; *Kelsey* v. *Kelsey*, 204 App. Div. 116; affd., 237 N. Y. 520; *Brown* v. *Brown*, 242 App. Div. 33.)

In the present case the plaintiff seeks to procure an adjudication of divorce in this State on the statutory ground, based on defendant's subsequent misconduct involved in her marriage to Fetherstonhaugh. I think that, as a matter of policy, the courts of this State should not lend their aid to those who seek relief in equity from conditions which they intentionally created and which result directly from their own wrongdoing. The courts should leave such parties where it finds them. As was written in *Matter of Alzmann* v. *Maher* (*supra*, at p. 141): " The laws of this State prescribe the conditions under which the contract of marriage may be entered into and terminated. Since the petitioner and his wife, residents of this State, were married and continue to reside here, "they are subject to all of the laws of this State. Therefore, in procuring the Mexican decree of divorce, they violated the law, procedure, and public policy of this State."

Moreover, the plaintiff, by joining with the defendant in procuring the sham divorce, has lulled the latter into a position of security whereby she has furnished him with proof of the statutory offense necessary for him to obtain a divorce in this State. He aided in making the second marriage of his wife possible, and now charges her with adultery because of it. He should not be permitted to place that stigma upon her by judicial action. Furthermore, an adjudication by the courts of this State granting a divorce to the plaintiff not only would be a formal adjudication that the parties to this action were married up to the time of the granting of such divorce, but would judicially determine that the defendant's children by the second marriage, if any there be, are illegitimate.

In matrimonial actions, courts will apply equitable principles, where the facts warrant it, by refusing to grant relief to a wrongdoer who does not come into court with clean hands, and where in good conscience the court is justified in refusing an apparent legal right. (*Bays* v. *Bays*, 105 Misc. 492.)

The judgment dismissing the complaint should be affirmed.

Davis, J., concurs.