In the Matter of the Judicial Settlement of the Accounts of SIDNEY A. ROBOTTOM, as Administrator, etc., of ALFRED THOMAS ROBOTTOM, Deceased. LUCY STRANDELL, Appellant; SIDNEY A. ROBOTTOM, as Administrator, etc., of ALFRED THOMAS ROBOTTOM, Deceased, ELMER J. B. SAWYER, as General Guardian of JUNE SPIKINGS ROBOTTOM, an Infant, KENNETH W. ANDERSON, as Special Guardian of JUNE SPIKINGS ROBOTTOM and of WESLEY ROBOTTOM, Infants, SARAH JUDD ROBOTTOM, HILDA E. CAMERON and GEORGE ROBOTTOM, Respondents.— Decree of the Surrogate's Court of Suffolk county settling the account of proceedings of Sidney A. Robottom, as administrator of the goods, chattels and credits of Alfred Thomas Robottom, deceased, modified by striking therefrom the provision that the appraised valuation of $7,000 of the real property of which decedent died seized is the true market value thereof and by directing that the matter in that phase be remitted to the said Surrogate's Court for determination of such value upon oral proofs. As so modified, the decree, in so far as an appeal is taken therefrom, is unanimously affirmed, with costs, payable out of the estate, to each party filing a brief. We are of opinion (1) that upon the undisputed facts June Spikings Robottom is the lawful widow of the decedent; that his previous marriage, in 1919, to Sarah Judd (Crist) was void in view of her then valid and subsisting marriage to Harry Crist; that the decedent and the decedent's first wife, Josephine Chapin Boerum, were, and the said first wife is, estopped from claiming the invalidity of the Connecticut divorce obtained by said first wife (See *Starbuck* v. *Starbuck*, 173 N. Y. 503, 507; *Kelsey* v. *Kelsey*, 204 App. Div. 116; affd., 237 N. Y. 520), and that the objectant-appellant is likewise thus estopped; and (2) that the situation disclosed in the record, which contains conflicting affidavits as to the value of decedent's real estate and, as well, a request by the appellant that oral proofs be taken, was such as to require the taking of the same as a basis for determining such value. (See *New York Life Ins. Co.* v. *Guttag Corp.*, 265 N. Y. 292, 296, and *People* v. *Henriques & Co.*, 267 id. 398.) Present — Lazansky, P. J., Young, Hagarty, Carswell and Taylor, JJ.

SAM JACOBS, an Infant, by TESSIE JACOBS, His Guardian ad Litem, Appellant, v. NEW YORK RAPID TRANSIT CORPORATION, Respondent.— Action to recover damages for personal injuries claimed to have resulted in a condition of dementia præcox. Order granting defendant's motion to set aside the verdict in favor of the plaintiff and for a new trial unanimously affirmed, with costs to abide the event. No opinion. Present — Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ.

LENA JACOBSON, Respondent, v. JOSEPH MOSKOWITZ, Doing Business as WHITE PLAINS BUTTER AND EGG COMPANY, and SEEMAN BROTHERS, INC., Appellants.— Order denying defendant Moskowitz's motion to strike from the judgment a bill of costs taxed against him and denying the motion of defendant Seeman Brothers, Inc., to have a bill of costs taxed in its favor against the plaintiff, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ., concur.