RUTH A. FISHER, Plaintiff, *v.* EDWARD THORNTON FISHER and Another, Defendants.

Supreme Court, Special Term, Queens County, March 15, 1937.

*Kevie Frankel*, for the plaintiff.

*Sol Silver*, for the defendants.

KADIEN, J.   In 1932 this plaintiff instituted proceedings in the Mexican courts by virtue of which she was granted a decree of divorce against the defendant Edward Thornton Fisher. Thereafter this defendant married the codefendant herein. In this action the plaintiff now seeks a declaratory judgment establishing the invalidity of the Mexican decree and that the plaintiff be declared the lawful wife of the defendant Edward Thornton Fisher.

The plaintiff in seeking this relief attacks the foreign judgment upon the ground that the Mexican courts did not have jurisdiction of the parties.   It appears that the plaintiff submitted to the jurisdiction of the courts of Mexico by authorizing an attorney at law in Mexico to institute a proceeding for divorce against the defendant.

The plaintiff alleges that due to her financial and mental distress, she had been induced and coerced into signing the power of attorney.

The defendant now moves to dismiss the complaint upon the ground that it fails to allege facts sufficient to constitute a cause of action. A foreign decree of divorce may be collaterally attacked where the courts have not acquired jurisdiction of the parties or where fraud was practiced against one of the litigants. However, this rule of law may not be applied where the plaintiff, as in the case at bar, previously invoked the jurisdiction of the Mexican courts which granted the relief she sought. (*Starbuck* v. *Starbuck*, 173 N. Y. 503; *Brown* v. *Brown*, 242 App. Div. 33.)

The plaintiff having been a party to the collusive proceedings is estopped from attacking its validity. She cannot seek the aid of a court of equity to relieve her from a situation caused by her own conduct. Motion granted.