DONALD MAY, Appellant, *v.* ADA MAY, Respondent.

Fourth Department, May 5, 1937.

*Salvatore M. LoMonaco*, for the appellant.

*Arnold H. Becker*, for the respondent.

SEARS, P. J. The action is for divorce. The answer alleges that the parties have already been divorced by decree of the Civil Court, Bravos District, Ciudad Juarez, State of Chihuahua, Mexico, granted March 12, 1936. It appears by the affidavits without dispute that in March, 1936, when the suit in Mexico was instituted and at the time of the granting of the decree, and, in fact, for many years previously, the parties to this action were residents of the city of Rochester, in this State. Neither of them ever went to Mexico, much less resided there. The Mexican action was, however, in form brought by the present plaintiff. The defendant appeared in the Mexican court by written consent and submitted to the jurisdiction of the Mexican court. The defendant's motion to dismiss has been granted on the ground that the Mexican decree is binding upon the parties, and finally adjudicated their marital status, and that, even if the Mexican judgment was not generally binding, the plaintiff, who was the actor in the Mexican suit, was estopped by bringing the suit from invoking the jurisdiction of the courts of this State upon a theory predicated upon the continued existence

of the marital relation between the parties subsequent to the granting of the Mexican decree.

The marital status of the parties resident in this State is a matter of exclusively domestic concern. We are not required to recognize this judgment of a court of a foreign country as having effect upon the matrimonial status of citizens of this State. To do so would be contrary to our public policy in its protection of marriage and morality. (*Matter of Alzmann* v. *Maher*, 231 App. Div. 139; *Andrews* v. *Andrews*, 188 U. S. 14.) The respondent relies principally on the authority of *Starbuck* v. *Starbuck* (173 N. Y. 503) as establishing a principle of estoppel against a person who has invoked the jurisdiction of a foreign court when attacking directly or indirectly the validity of the judgment granted by the foreign court at the instance of such person, even though the judgment be in fact invalid. The *Starbuck* decision has lately been re-examined by the Court of Appeals (*Stevens* v. *Stevens*, 273 N. Y. 157). The court there said, in distinguishing the *Starbuck* case, " Here the court was invoked to pronounce judgment directly upon the marital status — a relationship which no stipulation or conduct of the parties could alter. (Domestic Relations Law [Cons. Laws, ch. 14], § 51. See *Fearon* v. *Treanor*, 272 N. Y. 268.) * * * Certainly a decree that is void cannot in itself be a reason why he should have less than his legal rights and we need not inquire what the result would be in some further event that has not happened. (Cf. *Fischer* v. *Fischer*, 254 N. Y. 463; *Lefferts* v. *Lefferts*, 263 N. Y. 131; *Chapman* v. *Chapman*, 224 Mass. 427.) "

It is true that in the *Stevens* case it was the defendant who, by counterclaim, demanded divorce in an action brought by the plaintiff for a separation. That circumstance as a distinction is, however, rejected in the *Stevens* case in the broad language already quoted. (See, also, *Shannon* v. *Shannon*, 247 App. Div. 790.)

The order should be reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

All concur. Present — SEARS, P. J., EDGCOMB, CROSBY, LEWIS and CUNNINGHAM, JJ.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.