Elsie F. DWYER, Plaintiff,

v.

Marion B. FOLSOM, Secretary of the Department of Health, Education and Welfare, Defendant.

Civ. No. 15948.

United States District Court
E. D. New York.

March 29, 1956.

Delaney & Feltman, New York City, Lee Feltman, New York City, of counsel, for plaintiff.

Leonard P. Moore, U. S. Atty, Brooklyn, N. Y., Myron Friedman, Asst. U. S. Atty., Long Beach, N. Y., of counsel, for defendant.

BRUCHHAUSEN, District Judge.

The plaintiff's motion is for judgment on the pleadings, or, in the alternative, for summary judgment in her favor. The defendant, by separate motion, seeks an order dismissing the complaint upon the ground that the Court does not have jurisdiction of the subject matter herein or, in the alternative, for summary judgment in his favor.

The question involved is whether the plaintiff is the widow of Robert E. Dwyer so as to entitle her to receive monthly

insurance benefits upon reaching the age of 65 years, pursuant to the Social Security Act, 42 U.S.C.A. § 416(h) (1).

▇ The plaintiff, upon the death of the wage earner, Robert E. Dwyer, pursued the procedure prescribed by the Act for obtaining the benefits thereunder. Upon his death on July 20, 1953, she applied for lump-sum benefits for funeral expenses, claiming that she was the widow of the wage earner. She then was 62 years of age, having been born on April 22, 1891. Upon the presentation of the application, she was informed that she could not collect those expenses as the widow of the insured, within the meaning of the Act, but could lawfully claim them as the person equitably entitled thereto by reason of her having paid the funeral expenses. She appealed from the ruling but the determination was sustained by the administrative referee. The Government contends that this Court lacks jurisdiction upon the ground that there has been no determination of claimant's status as a widow for the purpose of insurance benefits since she had not attained the age of 65 years, at the time of making the application and that the decision of the Bureau and the affirmance by the referee were based solely upon her status as a claimant equitably entitled to the funeral expenses. In other words, the Government contends that no determination was made upon her status as the alleged widow of the wage earner. However, the plaintiff has now reached the age at which the statute permits her to make application for a widow's monthly benefits. It is apparent that no additional facts can be presented and that the question of her right to such benefits, as the alleged widow, may now be determined, thus avoiding further litigation.

Whether the plaintiff is the widow of the deceased wage earner, Robert E. Dwyer, depends upon the validity of the divorce decree from her first husband, Rudolph H. Weber. The claimant, plaintiff, was married to Rudolph H. Weber in New York City in 1912 and obtained a so called "mail order" divorce from him, emanating from a court in Mexico on December 28, 1928. Neither of the parties was personally present in Mexico. On January 18, 1929, about three weeks after the date of the divorce decree, the plaintiff married the wage earner, Robert E. Dwyer, in the City of Chicago. Subsequently they became domiciled in New York. Meanwhile, the plaintiff's first spouse, the said Rudolph H. Weber, brought an action against the plaintiff in the Supreme Court of the State of New York, Nassau County, for absolute divorce, wherein he alleged the invalidity of the Mexican divorce decree. In a decision in that action, Weber v. Weber, 135 Misc. 717, 238 N.Y.S. 333, the Court, sitting as a court of equity, refused to pass upon the validity of the Mexican decree. On October 2, 1929, several months after the date of the said decision, the said Rudolph H. Weber remarried. The wage earner, Robert E. Dwyer, died on July 20, 1953, without leaving issue. At that time, both he and the plaintiff were domiciled in the State of New York. The decedent bequeathed his entire estate to plaintiff.

▇ The marital status of the plaintiff, including the validity of the Mexican divorce decree obtained by her must be determined by the application of the intestate law as to personal property of the State wherein the wage earner was domiciled at the time of his death. Section 416(h) (1), supra. In this case, therefore, the law of the State of New York is applicable.

▇ The courts of that State abhor collusive Mexican "mail order" divorces and refuse to recognize them as having validity within their jurisdiction. Vose v. Vose, 280 N.Y. 779, 21 N.E.2d 616; Querze v. Querze, 290 N.Y. 13, 47 N.E. 2d 423; Caldwell v. Caldwell, 298 N.Y. 146, 81 N.E.2d 60; Rosenbaum v. Rosenbaum, 309 N.Y. 371, 130 N.E.2d 902. The case of Magner v. Hobby, 2 Cir., 215 F.2d 190, is directly in point. The Court therein denied an application, similar to the one made by the plaintiff in the case at bar.

574

The collusiveness of the plaintiff's Mexican divorce decree is demonstrated in the aforesaid decision concerning it, Weber v. Weber, supra. The adjudication therein was anything but an assurance to the plaintiff, claimant, that she was free to re-marry, under the laws of New York.

The plaintiff, claimant, maintains that at the time of the Mexican divorce decree, the State of New York had not condemned such decrees. This may be so, but the parties involved in the first decision concerning such a decree were likewise so aggrieved. Alzmann v. Maher, 231 App.Div. 139, 246 N.Y.S. 60. New York is a strict divorce State, and were it not for the Williams v. State of North Carolina decision, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279, it probably would not now be recognizing decrees of many of its sister States. See Rosenbaum v. Rosenbaum, supra.

The plaintiff, claimant, maintains that licenses issued to her in Illinois to re-marry, and to Mr. Weber in New York, have validated her status as the wage earner's widow, in that both of them recite the prior Mexican divorce decree.

It seems inappropriate for an administrative office, especially of another State, to act counter to the public policy the New York courts have so clearly defined. See Lefferts v. Lefferts, 263 N.Y. 131, 188 N.E. 279; Baumann v. Baumann, 250 N.Y. 382, 165 N.E. 819. The case of Drew v. Hobby, D.C.S.D.N.Y., 123 F.Supp. 245, is distinguishable in that the original husband procured the Mexican divorce decree by actually visiting Mexico and satisfying all of the jurisdictional requirements whereby New York, by comity, would give it recognition.

The plaintiff, claimant, sought a divorce by a method which the courts of New York have declared a legal nullity, and now she asks that it be adjudged legally effective.

The defendant's motion for summary judgment is granted. The plaintiff's motions are denied.