■ Agnes M. C. Alfaro, Appellant, v. Carl E. Alfaro, Respondent.— In an action for separation and for other relief the appeal is from so much of a judgment as dismisses the amended complaint, fails to adjudge that appellant is respondent's wife, fails to award appellant alimony and support as respondent's wife, and fails to adjudge that respondent is estopped from repudiating a divorce decree, which he had obtained in Mexico against his former wife, prior to his marriage to appellant. Judgment insofar as appealed from affirmed, without costs. The findings made by the trial court are supported by substantial evidence and establish that the Mexican court, which purported to grant respondent a divorce from his former wife, was without jurisdiction. Under the circumstances disclosed, respondent was not estopped from asserting the invalidity of the Mexican decree as a defense in this action. (Cf. *Caldwell* v. *Caldwell*, 298 N. Y. 146.) Nolan, P. J., Beldock and Kleinfeld, JJ., concur; Murphy and Ughetta, JJ., dissent and vote to reverse the judgment insofar as appealed from and to grant judgment in favor of appellant as prayed for in the amended complaint, with the following memorandum: In 1927 respondent married Irene Flood, hereinafter referred to as Irene Alfaro. Irene Alfaro left respondent in 1934. An action by respondent for divorce in 1936 was discontinued after the parties entered into a separation agreement. In January, 1940 appellant journeyed with respondent to Mexico. Previously, he had commenced an action in Mexico for a divorce from Irene Alfaro. The Mexican divorce which respondent procured is dated January 23, 1940. The decree recites that respondent presented evidence and was present when a hearing was had on January 23, 1940 and that he had made his personal appearance before the court. On January 29, 1940 he showed a certified copy of the divorce decree to appellant, and they were

married that day in Mexico with both a civil and a religious ceremony. Despite the recitation of personal appearance, respondent testified that he merely visited the court on January 29, 1940. and "picked up" a certified copy of the decree. Yet in opposition to a separation action brought in 1942 by Irene Alfaro, he swore in his answer and in an affidavit that the decree was valid. He procured a divorce in this State against Irene Alfaro in 1948 on her failure to defend although she appeared and testified. Irene Alfaro has remarried. Respondent lived with appellant from the time of their marriage on January 29, 1940 to about September 1, 1954, at which time he concededly deserted her. There are three children of this marriage, born respectively November 15, 1941, January 27, 1950 and November 11, 1951. The two last named were born, it will be observed, well after the 1948 divorce procured by respondent from Irene Alfaro. In the present action for separation and for other relief, commenced by appellant in October, 1954, respondent concedes that appellant is entitled to a decree if he is estopped from denying the efficacy of the 1940 Mexican divorce. On the undisputed facts, respondent is estopped, within the general rule, from asserting the invalidity of the decree which he obtained (*Starbuck* v. *Starbuck*, 173 N. Y. 503; *Brown* v. *Brown*, 242 App. Div. 33, affd. 266 N. Y. 532; *Hynes* v. *Title Guar. & Trust Co.*, 273 N. Y. 612). Respondent has not even the semblance of a pretext that the obligation he undertook as to appellant and their children is inconsistent with his obligations toward his former wife (cf. *Krause* v. *Krause*, 282 N. Y. 355, 360). The decree which respondent procured in Mexico is not the "mail-order" type which afforded the basis for the holding in *Vose* v. *Vose* (280 N. Y. 779) and *Caldwell* v. *Caldwell* (298 N. Y. 146, 151). Undisputedly, he had been advised that such a mail-order decree would be worthless. Accordingly, he went in person to Mexico to get the decree. Its recitals show he was there. Although these recitals need not be accepted at face value (*Rosenbaum* v. *Rosenbaum*, 309 N. Y. 371, 375), they suffice, together with respondent's admitted presence in Mexico, to show that this is not such a case as *Caldwell* v. *Caldwell* (*supra*, p. 150), where "There is not even the slightest semblance or color of jurisdiction justifying action by a court." We would also reverse the findings that respondent did not appear in person in the Mexican court, and that prior to the decree the appellant knew or was advised that the decree would be invalid in New York. Undisputed are the journey to Mexico and respondent's subsequent sworn statements that the decree had been validly procured. Appellant testified that they arrived in Mexico eight days in advance of the recited hearing and the making of the decree. Respondent's testimony that he merely "picked up" the decree in the office of the clerk of the court and that after doing so and before the marriage on the same day he informed appellant that the decree was worthless, is contrary to the weight of evidence.