Samuel M. Gold, J.
Defendant moves for dismissal of the complaint pursuant to rule 107 of the Rules of Civil Practice upon the ground of an existing final decree rendered in the State of Nevada, and upon the further ground that the court lacks jurisdiction of the subject of the action. It is alleged in the complaint in this action, brought by the husband against the wife for a divorce, that the former action was instituted at the special instance and request of the wife and that service of process therein was not made upon her. The foreign decree was obtained on September 28, 1955. Thereafter, this defendant brought an action for separation against this plaintiff in the Supreme Court, Queens County, in June, 1956. Therein she alleged that the summons and complaint in the Nevada action were served upon her by mail on September 1, 1955; that the plaintiff was not a resident of the State of Nevada at that time but was a resident of and domiciled in the State of New York. Thereafter the wife remarried.
The grounds urged for dismissal are not available to the defendant. To the extent, at least, that plaintiff now seeks a result no different than that heretofore obtained and without any additional advantage or detriment, the action is maintainable. Whether the prior decree is valid is not now before the court. Essentially the plaintiff does not now seek to attack and destroy that decree but rather seeks the adjudication upon the *725 marital status which will do no more than to parallel the effect of the prior decree.
Such an action was held to be maintainable in McDermott v. McDermott (252 App. Div. 875) where it was stated: “ We are of opinion that plaintiff was entitled to procure a judgment of divorce in this State despite the fact that he had participated in procuring the void foreign decree, subsequent to which the defendant entered into an alleged marriage. (Shannon v. Shannon, 247 App. Div. 790; Stevens v. Stevens, 273 N. Y. 157, 159; May v. May, 251 App. Div. 63.) ” See, also, Massacar v. Massacar (37 N. Y. S. 2d 303).
The motion is denied.