Frank A. Gulotta, J.
In this action for the partition of realty (first cause of action) and partition of personalty (second cause of action) we have to do with only the first cause, in which both parties move for summary judgment.
It appears that plaintiff who was formerly married to defendant, Ellen 0. Peltz, procured a Nevada decree of divorce without personal service or appearance by her and thereafter remarried.
*948 It further appears from the amended verified answer of the defendants for which leave to serve is hereby granted, that Ellen Peltz has herself remarried.
The subject of the first cause of action is the former home of the parties to which they took title as tenants by the entirety.
To support his thesis that a tenancy by the entirety cannot continue to exist in New York real estate after a foreign divorce decree.whether the court had jurisdiction of the defendant or not, plaintiff relies on Ninth Fed. Sav. & Loan Assn. v. Thuna (36 Misc 2d 742). That case involved a surplus money proceeding and could have been decided solely on the basis that the tenancy by the entirety does not continue in “ surplus money ”. (Hawthorne v. Hawthorne, 13 N Y 2d 82.)
Insofar as it fails to recognize the point made in Huber v. Huber (26 Misc 2d 539) that you cannot constitutionally cut off the property right of survivorship, which is a personal right, by an in rem decree, it seems unsound.
It is an oversimplification to say that since you need a husband/wife relationship to support a tenancy by the entirety, it lapses with divorce. This fails to recognize the entrenched concept of divisible divorce and the now universally accepted law that parties can be divorced for one purpose and not for another. (Vanderbilt v. Vanderbilt, 1 N Y 2d 342, affd. 354 U. S. 416.)
However, it seems to me that while defendant might have rested on her rights as long as she remained single, her remarriage and voluntary recognition of the Nevada decree precludes her from doing so now. The same party cannot simultaneously claim that a decree is both valid and invalid.
For one thing a tenancy by the entirety can be brought to an end by the voluntary act of both tenants at any time and when they both remarry on the strength of a foreign decree of divorce, it can fairly be said that they are doing just that.
Secondly the remarriage creates a species of estoppel which disables the defendant from claiming that she is still married to the plaintiff for any purpose. As was stated in Packer v. Packer (6 A D 2d 464, 468): “ It is obvious then that in the instant case plaintiff wife is precluded by estoppel, or quasiestoppel, by whichever term the preclusion is denominated, from obtaining the affirmative relief which she seeks. This is so either on the ground, as found by Special Term, that she participated, by her conduct, in the obtaining of the Virginia divorce, albeit she disputes the inferences on which that finding was made, or by reason of the fact that she remarried her second husband after the rendering of the Virginia diyorce. *949 This does not mean that by the denial of relief any intrinsic validity is given to the Virginia divorce or the second marriage. All that is involved is an estoppel of those who have procured or projected the invalid transactions.” Kelsey v. Kelsey (204 App. Div. 116, 117, affd. 237 N. Y. 520) reached the same conclusion when it said: “ So here, if plaintiff desired to challenge his first wife’s divorce and her remarriage he should have delayed his second marriage until he had obtained a divorce from his first wife. I think now he is not in position to invoke such relief.”
Although the wife is a defendant in this suit, she is taking an affirmative position in asserting her property rights to defeat partition and comes within the quasi-estoppel principle asserted in these cases.
Therefore, plaintiff’s motion for summary judgment is granted and the action severed.
Defendant’s cross motion for summary judgment is denied and the motion for leave to serve an amended answer is granted. Settle an order providing for a reference on notice.