La Nell Gorie, Respondent, *v.* Edward Gorie, Appellant.

First Department, November 17, 1966.

*Frank G. Raichle* of counsel (*Samuel A. Locker,* attorney), for appellant.

*Jacob Freed Adelman* for respondent.

Rabin, J. This is an action for separation. The defendant husband claims that the marriage of the parties is invalid because a divorce, which his wife alleges she secured in Mexico from a prior husband, is void and in any event should not be recognized by our courts.

The husband's claim is based on his assertion that the State in Mexico, wherein the divorce was had, required that there be residence for at least six months for jurisdiction to attach. It is conceded that the plaintiff did not reside in the rendering State for six months.

Assuming that a divorce was obtained as the plaintiff claims, the threshold question is whether this defendant, a stranger to that divorce, has standing to attack it on the grounds asserted by him. This defendant's assertion of lack of jurisdiction over the subject matter by the Mexican courts may be considered.

We are not here considering the effect to be given to a divorce decree of a sister State and thus are not concerned with the requirements of full faith and credit. Indeed it has been stated that a decree of a foreign State is not even entitled to prima facie validity. The Court of Appeals in *Rosenbaum* v. *Rosenbaum* (309 N. Y. 371, 375) had this to say on the subject: '' However, we have never held that any such presumptive legality and validity must be accorded Mexican divorces — which are, of course, beyond the scope of ' full faith and credit ' (see *Caldwell* v. *Caldwell*, 298 N. Y. 146, 149; *Gaskell* v. *Gaskell*, 189 Misc. 504). Judgments of courts of foreign countries, we said in *Martens* v. *Martens* (284 N. Y. 363, 365), ' differ from judgments of courts of our sister States to which, by constitutional mandate, full faith and credit must be given. They must not contravene our public policy '. Thus, under comity — as contrasted with full faith and credit — our courts have power to deny even prima facie validity to the judgments of foreign countries for policy reasons, despite whatever allegations of jurisdiction may appear on the face of such foreign judgments.''

Not being entitled to even prima facie 'validity, there is no reason why the foreign decree cannot be attacked in this collateral proceeding by this defendant and we hold that he may do so (*Matter of Collins*, 17 A D 2d 304, 306).

The recent decisions in this area do not compel any different conclusion. In *Rosenstiel* v. *Rosenstiel* (16 N Y 2d 64) the Court of Appeals while sustaining a Mexican decree of divorce premised its decision upon the fact that jurisdiction in accordance with Mexican law had been acquired. In *Klarish* v. *Klarish* (19 A D 2d 170, affd. 14 N Y 2d 662) we refused to permit an attack by a stranger to the decree, who attempted to prove that plaintiff's Virgin Islands divorce from a former husband was void because of lack of residence and that the rendering court did not obtain jurisdiction. The defense was stricken because defendant did not show that such an attack would be allowed in the rendering State. (See, also, *Johnson* v. *Muelberger*, 340 U. S. 581.) However, we were there dealing with a sister State judgment, where principles of full faith and credit applied. The decree was not only prima facie evidence of regularity but it had to be fully recognized. Here we are considering a decree of a foreign country and therefore it is of no moment that the defendant has not shown that his attack on the decree would be allowed in Mexico.

We consider it contrary to our concepts of jurisprudence to recognize as valid a foreign decree of divorce where jurisdiction

over the subject matter has not been obtained under the laws of the foreign State to which resort was had to secure the divorce.

We find that the residence requirements of the law of the forum have not been complied with and consequently the court which is alleged to have granted the divorce was without jurisdiction to do so. Accordingly, we hold that divorce to be invalid. Such divorce does not rise to a level much higher than the criticized and unrecognized mail-order divorces. (See *Caldwell* v. *Caldwell,* 298 N. Y. 146.)

The defendant puts in issue the question as to whether the plaintiff did in fact obtain a decree of divorce in Mexico. In support of that position he offers a recently acquired exemplified certificate of the Clerk of the court in which the divorce was allegedly obtained, to the effect that a search of the records failed to indicate that any such divorce had been granted. On the other hand, the plaintiff offered in evidence a properly exemplified certificate dated some years prior to the one offered by the defendant, which seems to indicate that such a divorce had been granted. Giving plaintiff the benefit of the presumption of a valid marriage, we at this point would hold there was sufficient to establish a prior divorce, subject to the attack on its validity. However, whether the divorce was indeed obtained is of no real moment because of our holding that the divorce should not be recognized because of its invalidity.

A word on the issue as to what the jurisdictional requirements in the State of Tlaxcala, Mexico, were at the time of the divorce. At the trial there was some confusion with respect thereto. What those requirements were was the subject of a motion made after trial by the defendant to vacate the judgment. It was the position of the defendant, in support of that motion, that while presently there is no residential requirement where one party appears in person and the other party appears by attorney, at the time the divorce was granted there was a six months' residential requirement. He asserts that the change in the laws was made by amendment enacted some years following the date of the asserted Mexican divorce.

The motion to vacate was opposed because it is claimed it was untimely brought. Whether the motion was timely brought is here of no consequence, for this court taking judicial notice as we may of the law as it existed in Mexico at the time of the divorce (see CPLR 4511, subds. [b], [d]) finds that the six-month residence requirement was in effect at the time of the divorce.

Accordingly the judgment appealed from granting separation should be reversed, on the law and on the facts, withouts costs

or disbursements, and judgment should be entered in favor of the defendant dismissing the complaint.

Botein, P. J., Breitel and McNally, JJ., concur.

Judgment unanimously reversed, on the law and on the facts, without costs and without disbursements, and the complaint dismissed.