Pierson R Hildreth, S.
This discovery proceeding is instituted by the executor of decedent’s will to determine the ownership of the proceeds of a sale of real property.
During their lifetimes decedent and his wife owned real property as tenants by the entirety. In 1962 they entered into a separation agreement. By this agreement, which is concededly *775 valid, they mutually agreed upon a disposition of such real, property. They agreed that the wife pay certain expenses, have possession, and that the husband would sign any necessary documents in case the wife decided to sell the property. They also expressly agreed: “In the event that the premises are sold then, out of the net proceeds received from said sale, the first Four Thousand ($4,000.00) Dollars is to go to the wife, then the wife is to receive back any moneys expended by her in reduction of the principal amount of the mortgage from that which it was in March of 1962 and thereafter any remaining proceeds are to be divided.equally among the parties.” Thereafter, in August of 1966 the decedent and his wife entered into a contract for sale of the premises. This contract provided, among other things, that the funds should be paid to sellers by separate and equal checks. This was done and it appears that the parties have acquiesced in a division of the down payment on contract. Prior to the delivery of the deed and on March 14,1967 the husband died. The deed was subsequently delivered and title closed by the surviving wife on June 23, 1967. The proceeds of sale received on delivery of the deed have been held in escrow pending determination as to ownership. The wife asserts she is entitled to retain the full proceeds by virtue of being a surviving tenant by the entirety. The husband’s estate, on the other hand, contends that one half of the proceeds belong to the estate by reason of the provisions of the separation agreement.
The basic question is whether a husband and wife owning property as tenants by the entirety may, by their joint agreement, affect their respective rights of survivorship in the property and whether that occurred in this case by the separation agreement.
It is the nature of a tenancy by the entirety that the husband and wife are each seized of the entire estate. As stated by the court in Matter of Maguire (251 App. Div. 337, 339, affd. 277 N. Y. 527) “ Each owns, not an undivided part, but the whole estate.” Accordingly, the survivor takes under the original grant and not from the party who first dies. It was held in that case that a making of a contract of sale would not in and of itself destroy the right of survivorship inherent in the nature of a tenancy by the entirety. Whether a contract of sale in and of itself would affect such right of survivorship is, however, a matter of the intent of the parties and if they do so intend they may sever or alter the nature of their ownership. (Matter of Schenk, 205 Misc. 148.) If a deed of property owned by husband and wife as a tenancy by the entirety is delivered *776 during the joint lives then the tenancy is terminated and presumptively they become owners of the proceeds as tenants in common in equal shares. (Secrist v. Secrist, 284 App. Div. 331.) Although neither husband nor wife owning as tenants by the entirety may dispose of the property so as to affect the right of survivorship of the other party by unilateral act they may, however, do so acting jointly or with consent of the other. (Hiles v. Fisher, 144 N. Y. 306.) They may by agreement between themselves agree that their contributions or interest shall be altered and the ordinary rights of survivorship changed as they mutually agree. (Sterns v. Stevans, 20 Misc 2d 417; Topilow v. Pelts, 43 Misc 2d 947, affd. 25 A D 2d 874; see, also, Azzara v. Azzara, 1 A D 2d 1012, mot. for lv. to app. dsmd. 2 N Y 2d 829.)
It seems to the court that, by their separation agreement, the husband and wife in this case jointly and by mutual agreement made a division of the property which they owned as tenants by the entirety and that the interests of each became bound thereby. Thereafter, their respective rights, both during their joint lives as well as potential survivors, were subject to the provisions of the agreement. Each expressly agreed that his or her interest in the property and in the proceeds of any sale was subject to paying one half of any such proceeds to the other party. The contract which they subsequently made was subject to such agreement. In effect, each created in favor of the other an equitable if not an express lien on his or her share of the proceeds and upon his or her interest in the real property. They altered .their respective rights of survivorship accordingly making it subject to the agreement. The provisions of the agreement were confirmed by the contract which provided for separate and equal checks. It is not the contract in and of itself that altered the nature of their survivorship interest in the property or its proceeds. They did this by the provisions of their separation agreement. A valid separation agreement is enforcible as any other agreement. (Goldman v. Goldman, 282 N. Y. 296.)
If the contention of the wife were followed .to its logical conclusion it would mean that she would forfeit the provisions for her benefit under the separation agreement if she had predeceased her husband. It is the opinion of the court that each, with the full consent of the other, agreed that their interest in this real property and their respective rights of survivorship should be altered to the extent that the proceeds when received would be shared as provided by the separation agreement. In light of this express agreement there is no need to indulge in *777 a fiction of equitable conversion. The interest of each was impressed with a lien in favor of the other for his or her share of the proceeds in accordance with the agreement.
Accordingly, the court holds that the estate of the husband is entitled to one half of the balance of the proceeds of sale.