■ PATRICK B. DONOHUE, Appellant, v MARY T. DONOHUE, Respondent. —In an action for a divorce on the ground of abandonment, or, in the .alternative, for a judgment declaring that the parties' marriage was a nullity, plaintiff appeals from a judgment of the Supreme Court, Queens County, dated May 13, 1975, which, after a nonjury trial, *inter alia,* granted defendant a divorce on the ground of cruel and inhuman treatment upon her counterclaim and ordered that she be awarded custody, child support and alimony. Judgment reversed, on the law, without costs or disbursements, and it is declared that the marriage between the parties is a nullity. Action remanded to Special Term for a new hearing on the questions of child custody and child support. Defendant's motion to dismiss plaintiff's cause of action for a judgment declaring that the marriage was a nullity was improperly granted. Defendant's previous Mexican divorce, obtained by her, was ex parte. Thus, plaintiff was not required to show that Mexico would permit a collateral attack on the decree in advance of his attack on its validity, and the subsequent marriage, in New York (see *Gorie v Gorie,* 26 AD2d 368). The record clearly establishes the invalidity of the ex parte unilateral Mexican divorce, and plaintiff was entitled to a declaration to that effect. In the light thereof, it is necessary to conduct a hearing on the questions of child custody and child support. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.