OPINION OF THE COURT
Charles J. DArrigo, S.
In this partition proceeding, Vincent DAntoni and Frances D Antoni, plaintiffs, against Anthony Louis Violi, defendant, commenced in Richmond County Supreme Court and subsequently transferred to this court, the facts are not in dispute.
Anthony Violi and his wife, Angela, entered into a separation agreement on June 24, 1980. The agreement provides that Angela Violi is to remain in exclusive possession of the marital residence, owned by them as tenants by the entirety, for a period of four years. The house is then to be sold and upon its sale “whether to the other party, or to a third party, the husband and wife [were to] equally divide the equity and any net profits”.
The agreement further provided that “except as herein otherwise provided, each party waives and relinquishes any and all rights he or she may now have or hereafter acquire under the present of [sic] future laws of any jurisdiction, to share in the property of the estate of the other as a result of marriage, including without limitation, dower, thirds, courtesy, statutory allowance, widow’s allowance, *284 homestead rights, right to take an intestacy, right to take by election against the will of the other’s estate, and each party will, at the request of the other, execute, acknowledge and deliver any and all instruments which may be necessary or advisable to carry into effect this mutual waiver and relinquishment of all such instruments, rights and claims.”
On August 20, 1981 Angela Violi commenced an action for divorce based on living separate and apart for one year, pursuant to the separation agreement. Anthony Violi did not contest this action. Before an inquest was held, Angela Violi died on September 9, 1981. Angela Violi died intestate and her parents were appointed coadministrators of her estate of October 29, 1981.
On January 15,1982 the defendant conveyed the marital home by bargain and sale deed with covenants against grantor’s acts.
On March 11,1982 the plaintiffs commenced the present action. The complaint alleges that as the administrators of the estate of Angela Violi and as her heirs, they are entitled to one-half interest in the marital home with the defendant, as tenants in common. Plaintiffs by their original and amended complaints seek one half of the equity and net proceeds of the sale of the marital home. The second cause of action in the amended complaint is for the return of certain items of personal property which belonged to the decedent. Both sides move for summary judgment based upon the undisputed facts.
The sole issue for review is whether the separation agreement entered into by the Violis converted the tenancy by the entirety into a tenancy in common thereby allowing plaintiffs, parents of the deceased cotenant, to bring an action seeking one half of the equity and net proceeds of the sale of the residence as heirs of a tenant in common.
A tenancy by the entirety of real property is founded upon the unity of husband and wife and the estate exists while such unity remains unaltered (Stelz v Shreck, 128 NY 263).
*285 Plaintiffs contend that the separation agreement terminated the tenancy by the entirety, thereby converting it into a tenancy in common. They refer this court to Matter of Price (56 Misc 2d 774, affd without opn 33 AD2d 732), wherein the Appellate Division (Second Department) affirmed the decision of the Surrogate of Suffolk County. In Price the Surrogate held that, by their separation agreement, the husband and wife jointly and by mutual agreement made a division of the property which they owned as tenants by the entirety and that the interests of each became bound thereby, creating a tenancy in common. This is apparently inconsistent with a recent case, remarkably similar to the one at bar, wherein the Appellate Division (Third Department) held that a separation agreement did not legally alter the nature of the fee in the marital residence and the tenancy by the entirety remained intact with the marital residence devolving to the defendant spouse in fee simple absolute. (Schiller v Schiller, 80 AD2d 164.)
In Price, however, subsequent to their executing a separation agreement, the decedent and his wife entered into a contract for sale of the premises. The contract provided, among other things, that the funds should be paid to sellers by separate and equal checks. The court thereby found that by their acts the parties altered the nature of their ownership.
It is well settled that parties may by agreement between themselves agree that their interest shall be altered and the ordinary rights of survivorship changed. (Matter of Price, 56 Misc 2d 774, 776, supra.) Where such intent is found, the death of one spouse prior to the actual conveyance will not result in the survivor succeeding to the entire interest.
It is also well settled that a separation agreement alone does not legally alter a tenancy by the entirety. The Court of Appeals in Kahn v Kahn (43 NY2d 203) has held that where a husband and wife separate without the aid of a judicial decree, and absent an agreement to the contrary, they continue to own property acquired as tenants by the entirety just as they did prior to their separation.
*286 In the case at bar, all that is present is a provision in a separation agreement as to how the proceeds will be divided when the property is eventually sold. This does not show any intent by the parties to alter their rights of survivorship. Since the parties had not separated in conformance with a judicial decree and since they had no agreement to alter their ownership of the property, they remained one legal person. (Kahn v Kahn, supra, at p 207.) Consequently, under existing principles of property law, the tenancy by the entirety in which the parties owned their marital home was not terminated until the death of the decedent, at which time the marital residence devolved to the defendant Anthony Violi, in fee simple absolute. Accordingly, plaintiffs have no interest in the property and their action to recover one half of the equity and net proceeds of the sale of the marital home is hereby dismissed and defendant’s motion for summary judgment is granted.
There is also pending before this court a motion for an order allowing plaintiffs to serve an amended complaint containing a second cause of action to recover personal property which allegedly belonged to the decedent. CPLR 3025 (subd [b]) provides that leave to amend “shall be freely given upon such terms as may be just”.
Defendant objects to this motion claiming he will be prejudiced by an order allowing the plaintiffs to serve an amended complaint containing a second cause of action totally different from the first cause of action. In the interest of justice and in light of the otherwise necessary duplication of efforts, the court hereby grants plaintiffs’ motion to serve an amended complaint pertaining to the second cause of action. However, since the gravamen of the amended complaint is in the nature of a discovery proceeding, the court shall treat this motion as an application for leave to file a petition pursuant to SCPA 2103. The movant is directed to proceed accordingly under SCPA 2103.