■ MARY A. STEFFENS, Appellant-Respondent, v RICHARD STEFFENS, Respondent-Appellant. [657 NYS2d 339] —In an action for a divorce and ancillary relief, (1) the plaintiff wife appeals from stated portions of an order of the Supreme Court, Queens County (Polizzi, J.), dated January 19, 1996, which, *inter alia,* denied those branches of her motion which were (a) to amend her complaint so as to add a cause of action to declare void a foreign judgment of divorce and to add an additional party defendant, (b) to strike the defendant husband's answer and counterclaim, and (c) for an interim award of counsel fees, and (2) the defendant husband cross-appeals from stated portions of the same order.

Ordered that the cross appeal is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order is modified, on the law, by vacating the provisions thereof which denied those branches of the plaintiff's motion which were to amend her complaint so as to add a cause of action to vacate a foreign judgment of divorce and for leave to add an additional party defendant, and substituting therefor a provision granting those branches of the plaintiff's motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

The general rule is that "[a] foreign divorce decree obtained on the ex parte petition of a spouse present but not domiciled in the foreign country will not be recognized in New York where the other nonresident spouse does not appear and is not served with process" (48A NY Jur 2d, Domestic Relations § 2673, citing *Rosenbaum v Rosenbaum,* 309 NY 371; *Alfaro v Alfaro,* 5 AD2d 770, *affd* 7 NY2d 949; *Imbrioscia v Quayle,* 278 App Div 144, *affd* 303 NY 841; *Tal v Tal,* 158 Misc 2d 703; *see also, Greshler v Greshler,* 51 NY2d 368, 376; *Aranoff v Aranoff,* 226 AD2d 657; *De Pena v De Pena,* 31 AD2d 415; *Gorie v Gorie,* 26 AD2d 368; *Rosenstiel v Rosenstiel,* 21 AD2d 635, 637, *affd* 16 NY2d 64, *cert denied* 384 US 971; *Rappel v Rappel,* 39 Misc 2d 222, *affd* 20 AD2d 850).

In the present case there are unresolved issues of fact which warrant the granting of that branch of the plaintiff's motion which was to amend her complaint so as to add a cause of action to vacate the defendant's Dominican Republic divorce. Similarly, the branch of the plaintiff's motion which was for leave to add the defendant's current wife as a party should have been granted. The invalidity of the defendant's Dominican Republic divorce would render the second marriage a nullity (*see, Donohue v Donohue,* 57 AD2d 543; *Walsh v Andorn,* 41 AD2d 720, *revd on other grounds* 33 NY2d 503).

We have examined the appellant's remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Rosenblatt and Miller, JJ., concur.