Town of Greenburgh, Respondent, v. Joseph Shalleck, as Receiver of Photo Color Corporation and Photo Color Pictures, Inc., Appellant.— Order reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, without prejudice to an application to the Supreme Court, New York county, for leave to sue the receiver. The stay in the order appealed from is continued until five days after the entry of the order hereon. The receiver was appointed in an action in the Supreme Court, New York county, and his appointment was in all respects legal and regular. Therefore, leave to sue was necessary. (Matter of C. J. Co., 128 N. Y. 550; Rinn v. Astor Fire Insurance Co., 59 id. 143; Matter of N. Y. Municipal R. Corp. v. Holliday, 189 App. Div. 814; Greene v. Odell, 43 id. 608.) Read v. Brayton (143 N. Y. 342), cited by respondent, is readily distinguished. There the order relied upon by the receiver was a summary assumption of authority and was void. Lazansky, P. J., Young, Davis, Johnston and Adel, JJ., concur.

Edward Van Dover, Appellant, v. Anna Van Dover, Respondent.— In an action to annul a marriage, order awarding defendant alimony pendente lite and counsel fee affirmed, with ten dollars costs and disbursements. On March 3, 1928, the plaintiff married one Emma Sperry Van Dover in the city of New York. On June 1, 1933, a Mexican decree of divorce was obtained, and on June 17, 1933, the plaintiff married the defendant. He now seeks annulment of this marriage on the ground that the Mexican decree of divorce from Emma Sperry Van Dover was void and ineffectual to dissolve the marriage. The Mexican decree was void (Matter of Alzmann v. Maher, 231 App. Div. 139), and it follows that the subsequent marriage of the parties to the action is also void. But these Mexican decrees are obtained upon the written consent of both parties; and even though plaintiff merely consented to the issuance of the decree, he was, by his consent, instrumental in its procurement. A party seeking affirmative relief may not be heard to impeach, for want of jurisdiction, a foreign decree of divorce which he himself was instrumental in having entered in his favor. (Brown v. Brown, 242 App. Div. 33; Starbuck. v, Starbuck, 173 N. Y. 503; Kelsey v. Kelsey, 204 App. Div. 116; affd., 237 N. Y. 520.) Defendant is entitled to alimony and counsel fee. Lazansky, P. J., Young, Davis, Johnston and Adel, JJ., concur.

Wainwright & Page, Inc., Respondent, v. Burr & McAuley, Inc., and Laurence Hewlett Burr, Appellants.— In an action to recover plaintiff's share of certain commissions collected by the defendants, pursuant to an agreement between plaintiff and a real estate brokerage corporation of which the individual defendant Burr was an officer, order of the County Court of Nassau county denying appellants' motion to dismiss the complaint as failing to state a cause of action reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. In our opinion, defendant Burr, upon leaving the employment of the Macdonald corporation, was at liberty to deal with the customers of that corporation, in the absence of an express agreement to the contrary. (Scott & Co., Inc., v. Scott, 186 App. Div. 518; Peerless Pattern Co. v. Pictorial Review Co., 147 id. 715; Boosing v. Dorman, 148 id. 824.) We are further of the opinion that no fiduciary relationship existed between the individual defendant Burr and the plaintiff after she had left the employment of the Macdonald corporation. Young, Hagarty, Johnston and Taylor, JJ., concur; Lazansky, P. J., concurs in result.