EDWARD P. DENKMAN, Respondent, *v.* LILLIAN P. DENKMAN, Also Known as LILLIAN P. CONWELL, Defendant, Impleaded with WALTER LEWIS CONWELL, Appellant.

First Department, December 16, 1938.

*Charles H. Tuttle* of counsel [*Parmly, Stetson, Woodward & Gaffney,* attorneys], for the appellant.

*Henry A. Uterhart* of counsel [*Alfred M. Schaffer* with him on the brief; *Uterhart & Schaffer*, attorneys], for the respondent.

PER CURIAM. Plaintiff, though a non-resident, has the legal capacity to sue. (*Dean* v. *Dean*, 241 N. Y. 240; *Gregonis* v. *P. & R. Coal & Iron Co.*, 235 id. 152, 159.) That the court has jurisdiction of the subject-matter of the action in the sense that it has power to enter a judgment in an action of this character is not open to doubt. (*Baumann* v. *Baumann*, 222 App. Div. 460; 224 id. 719; modfd. and affd., 250 N. Y. 382.) As to whether the court in the exercise of its discretion should decline to pronounce a declaratory judgment may be determined at a later time upon an adducement of all the facts. In any event the notice of motion does not attack the complaint for legal insufficiency. The order should accordingly be affirmed, with twenty dollars costs and disbursements, with leave to the defendant-appellant to answer within twenty days after service of order upon payment of said costs.

Present — MARTIN, P. J., TOWNLEY, UNTERMYER, COHN and CALLAHAN, JJ.

Order unanimously affirmed, with twenty dollars costs and disbursements, with leave to the defendant-appellant to answer within twenty days after service of order upon payment of said costs.