EDWARD P. DENKMAN, Plaintiff, *v.* LILLIAN P. DENKMAN, etc., and Another, Defendants.

Supreme Court, Special Term, New York County, May 23. 1939.

58

[redacted]

*Uterhart & Schaffer* [*Henry A. Uterhart* of counsel], for the plaintiff.

*Parmly, Stetson, Woodward & Gaffney* [*Charles H. Tuttle* of counsel], for the defendants.

SHIENTAG, J. This is an action for a declaratory judgment that a Nevada divorce is invalid and that plaintiff and defendant are still husband and wife.

The matter was originally before this court on a motion to dismiss the complaint for lack of jurisdiction and legal capacity to sue. The court at Special Term denied that motion, holding that an action for a declaratory judgment was not a matrimonial action; that the jurisdictional requirements governing matrimonial actions were not controlling. The court further denied a motion to vacate and set aside the service of the summons on the defendant Lillian P. Denkman, holding that in an action for a declaratory judgment service may be effected as in any ordinary action.

On appeal the Appellate Division (255 App. Div. 496) held that the plaintiff, though a non-resident, had the legal capacity to sue. It further held as follows: " That the court has jurisdiction of the subject-matter of the action in the sense that it has power to enter a judgment in an action of this character is not open to doubt. * * * As to whether the court in the exercise of its discretion should decline to pronounce a declaratory judgment may be determined at a later time upon an adducement of all the facts."

On the trial it was established that the plaintiff and the defendant Lillian P. Denkman were married on May 15, 1907, in the State of Pennsylvania. The plaintiff has never resided or lived in this State. He was a resident of Illinois, where he lived practically all his life. That was his home; he voted from there and paid his income tax from there. His office for the transaction of business was in Illinois. The only child of this marriage died a resident of Arizona and his estate was settled in the courts of that State. He

left no children and his estate was divided between his father and his mother, the litigants in this case.

The plaintiff, a man of substantial means, contributed generously to the support of his wife. In 1924 a divorce action was instituted by the wife in Michigan, the husband agreeing that he would not oppose the entry of a decree. That action was not carried to a conclusion. In 1929 the husband took his then wife to Reno, Nev., where they both consulted a firm of attorneys with a view to the immediate institution of divorce proceedings, which were abandoned only because the wife's mother became very ill suddenly in Pennsylvania. The wife came to live in New York and remained here for a number of years. In March, 1932, she called her husband on the telephone at their home in Rock Island, Ill., from New York and told him that she intended to sue him in Reno; that she was amply provided for and needed no other funds from him. Up to that time she had been receiving about $1,500 a month from her husband.

In June, 1932, she procured a Nevada divorce. It contained no provision for alimony. Her husband did not appear in that action nor was he represented there by attorney. It is the kind of divorce which the courts of this State would pronounce to be invalid in any case in which we exercised jurisdiction.

In October, 1932, an agreement was entered into between the plaintiff and the defendant by which the plaintiff secured a release of all his marital obligations to the defendant. He also secured from her and still retains an absolute release of her half interest as a tenant with him by the entirety of certain real property and furniture therein costing upwards of $200,000, the defendant retaining some furniture costing in the neighborhood of $10,000. That agreement contained a recital to the effect that both parties recognized the validity of the decree of divorce in Nevada under date of June 22, 1932, and that both admit " that by virtue thereof they are now single persons and unmarried." It is not claimed that this agreement has any effect on the validity of the Nevada divorce, but it is presented as a strong, equitable reason why this court should not exercise jurisdiction in the present case.

On September 15, 1937, the defendant Lillian P. Denkman married the defendant Walter L. Conwell in the State of New Jersey. It was clearly established that for thirty-eight years Mr. Conwell resided continuously in New Jersey and for fourteen years had voted from one residence in Montclair, N. J. He has never had a residence in the State of New York. At the time of the marriage in New Jersey Mrs. Conwell had a two-year lease of an apartment in New York, which had about a year to run. It

expired in October, 1938, and was not renewed. After her marriage she made her home with her husband in his house in Montclair, N. J. There were times when they came to the New York apartment, but the last time when either of them was there was a day prior to the institution of this action.

Is this the kind of case in which the courts of this State should exercise jurisdiction to establish by declaratory judgment the marital status of the parties? Neither of the two marriages was performed in this State; the parties never had any marital domicile in this State; the plaintiff never resided or lived in this State; he has had no office for the transaction of business here; the plaintiff has never had any property in the State of New York. This is not an action to set aside any transfer of property by the plaintiff to the present Mrs. Conwell or to impress a trust in his favor upon any of her property, nor is there any evidence that at this time Mrs. Conwell owns any property whatever in the State of New York. There is no proof that the plaintiff is suffering any injury in the State of New York by virtue of the New Jersey marriage. The defendant Conwell has for years been and he still is a resident of New Jersey. Since the New Jersey marriage the marital domicile of Mr. and Mrs. Conwell has been in Montclair, N. J.

In the light of the foregoing I see no reason in law or in equity why the courts of this State should step in and exercise jurisdiction. The cases in which jurisdiction has been exercised are those where there was an existing New York *res*, such as a New York marriage, a New York marital domicile, a New York plaintiff, or New York property owned by the plaintiff or where the defendant located in New York owed a present financial obligation to the plaintiff for support or otherwise, or where there were children in this State who were wards of the State. (*Dean* v. *Dean*, 241 N. Y. 240; *Ball* v. *Cross*, 231 id. 329; *Fischer* v. *Fischer*, 254 id. 463; *Powell* v. *Powell*, 211 App. Div. 750.)

No such situation is here presented. There is not the slightest basis for assuming jurisdiction other than the fact that the summons in this action was properly served upon the defendant Denkman. For these reasons the defendants are entitled to judgment on the merits. Settle judgment in accordance with the foregoing decision.