Shientag, J.
This is an appeal by the defendants from an order denying their motion to dismiss the amended complaint for failure, on its face, to state a cause of action. The action is for a declaratory judgment adjudicating that plaintiff Engel and the defendant, now known as Helen Brooks, are husband and wife and that her purported divorce from him was invalid.
According to the allegations of the amended complaint, Engel married Helen Brooks in Carson City, Nevada, in 1941; there are no children of that marriage; Helen Brooks obtained an ex parte decree of divorce against the plaintiff in June, 1948, which, it is claimed, is invalid. It is further alleged that thereafter Helen Brooks returned to her residence in the State of New York and here married the other defendant, Walter B. Brooks, III, and that they are now'living together in New York City as man and wife; that the defendant Helen Brooks owns real and personal property situated within the State of New York and that under the laws of New York the plaintiff, as the husband of that defendant, has certain rights and interests in the property, which should be protected by judicial determination while the defendant is still alive and amenable to the processes of the court; that plaintiff has a large number of friends and acquaintances in the city of New York and elsewhere who have been led to believe that the defendant, Helen Brooks, has divorced plaintiff and that plaintiff has committed such conduct as to justify the granting of a decree of divorce against him, which has inflicted injury upon the plaintiff’s good name and reputation. In effect, the plaintiff asks to have his marital status adjudicated.
The original complaint contained additional allegations which, on a prior motion, were stricken as irrelevant, and from which decision no appeal was taken. Those allegations were to the effect that in June, 1948, when the defendants applied for a marriage license in the city of New York, the defendant Helen Brooks executed an affidavit for license to marry in which, it is charged, she made a number of false representations concerning the divorce which she obtained from the plaintiff in the Virgin Islands.
*16 The complaint is silent on the following points: the residence of the plaintiff at the time of the commencement of the action; his residence at the time that the alleged void decree of divorce was obtained against him; and whether and for how long the plaintiff and the defendant, Helen Brooks, lived together in New York after their marriage in Nevada.
An action for a declaratory judgment is one which, from its very nature, vests in the courts a certain amount of discretion. Particularly is the range of discretion a broad one where it is sought to obtain, by way of declaratory relief, a judicial pronouncement concerning marital status; for this usually involves the validity of a purported decree of divorce of another State or country. A spouse who is really wronged by what is claimed to be an invalid divorce, has the right, if his purpose is a bona fide one, to preserve his marital status or, at any rate, to have it adjudicated. He is not to be compelled to sue the alleged wrongdoer for divorce and in effect, by his own action, to legalize what he contends was a wrong committed against him.
Unlike an action for divorce or a separation, there are no special statutory jurisdictional requirements for the institution of an action for a declaratory judgment to adjudge marital status. The plaintiff, though a nonresident, has the legal capacity to sue, and the court has jurisdiction of the subject matter in the sense that it has power to enter a judgment in an action of this character (Civ. Prac. Act, § 473; Denkman v. Denkman, 255 App. Div. 496, 497, where, however, the motion was not specifically addressed to the legal sufficiency of the complaint). Nevertheless, the courts of this State, although jurisdiction of the person and subject matter has here been obtained, will not entertain an action for declaratory judgment adjudging the marital status of the parties where it appears upon the face of the complaint that this State has no interest in or concern or contact with such marital status, or that there is no legitimate, useful purpose to be served by such an adjudication. New York courts do not, generally speaking, look with favor upon actions brought by a nonresident plaintiff, whose matrimonial domicile was not in this State and who seeks to use our courts for declaratory relief with respect to marital status, unless there are substantial reasons for invoking the exercise of our judicial power.
The test of the sufficiency of a complaint in a declaratory action of the type we are here considering differs from the test invoked in determining whether, upon the trial, the court, in the exercise of its discretion, will make a declaratory pro *17 nouncement. (Compare Denkman v. Denkman, 255 App. Div. 496, 497 supra, with Denkman v. Denkman, 172 Misc. 57, affd. 258 App. Div. 954, leave to appeal denied 282 N. Y. 807.)
The amended complaint contains the following allegations indicating the contacts of this State with the marital status of the parties: that the defendants are residents of this State; that they married here, after the wife obtained what is charged to be an invalid divorce against the plaintiff; that the present matrimonial domicile of the defendants is in this State; that the defendant wife has property here; and there is a further allegation in the original complaint, which was stricken out but which we hold may be relevant upon the trial, that the defendants obtained a marriage license in New York as a result of false and fraudulent representations with respect to the circumstances under which the purported divorce was obtained in the Virgin Islands.
There are, therefore, sufficient allegations in the complaint to warrant the courts of this State in' entertaining the action, at least to the extent of sustaining the complaint and allowing a full adducement of the facts upon a trial. Whether or not, upon a trial, they will suffice, if proved, to warrant a pronouncement on the subject by way of declaratory relief, is another matter.
Buie 212 of the Buies of Civil Practice specifically provides that: “ If, in the opinion of the court, the parties should be left to relief by existing forms of actions, or for other reasons, it may decline to pronounce a declaratory judgment, stating the grounds on which its discretion is so exercised.” The point to be emphasized is that a holding concerning the sufficiency of the allegations of the complaint in an action for declaratory judgment does not determine that it would be appropriate upon the trial to grant the relief sought. Among the factors that would influence the exercise of discretion in granting declaratory relief would be the contact which this State has had with the marital status sought to be adjudicated and the bona fides and usefulness of the objective sought to be attained. It would serve no useful purpose to analyze the various cases dealing with the right to declaratory judgment with respect to marital status. In the last analysis, the remedy, being in large part unusual and discretionary, the authority of each case must necessarily depend upon the facts therein presented. (Baumann v. Baumann, 222 App. Div. 460, 464, affd. 250 N. Y. 382, 385; Dean v. Dean, 241 N. Y. 240; Langsam v. Langsam, 260 App. *18 Div. 1034; Lea v. Lea, 180 Misc. 719, affd. 266 App. Div. 952; Lowe v. Lowe, 265 N. Y. 197; Morecroft v. Taylor, 225 App. Div. 562; cf. Krakower v. Krakower, 264 App. Div. 912, affd. 291 N. Y. 604; Powell v. Powell, 211 App. Div. 750; Percival v. Percival, 106 App. Div. 111, affd. 186 N. Y. 587.)
The order appealed from should be affirmed, with costs.
Dore, J. P., Cohn, Callahan and Van Voorhis, JJ., concur.
Order unanimously affirmed, with $20 costs and disbursements, with leave to the defendants to answer within ten days after service of the order, with notice of entry thereof, on payment of said costs. Settle order on notice.