■ E. F. W. WILDERMUTH, Respondent, v. EDWARD PIOUS, as Receiver of ROBERT L. BRADFORD and Others, Appellant, and CHASE MANHATTAN BANK Respondent.— In a proceeding by a judgment creditor under articles 51 and 52 of the CPLR, to enforce collection of a money judgment against judgment debtors (Robert L. Bradford, Bradford Audio Corporation and others), Edward Pious, as the receiver appointed in an action in the Supreme Court, New York County, under the Martin Act (General Business Law, art. 23-A, § 352 *et seq.*), appeals from a judgment of the Supreme Court, Queens County, entered January 20, 1964, which: (1) denied his motion, pursuant to CPLR 404, to dismiss the petition as insufficient in law; (2) granted summary judgment on the pleadings, pursuant to CPLR 409, in favor of the petitioner; (3)

directed that said receiver Pious pay the sum of $60,000 (plus accrued interest thereon), in his possession and belonging to the judgment debtors or one of them, to Stephen J. Masse, as receiver in supplementary proceedings, to be applied in partial satisfaction of petitioner's judgment; (4) directed that the Chase Manhattan Bank pay the United States Treasury bills in excess of $10,000 (together with interest thereon), in its possession and belonging to the judgment debtors or one of them, to said Stephen J. Masse to be applied in partial satisfaction of petitioner's judgment; and (5) directed that the issue with respect to the bank's indebtedness of $81,000 to the judgment debtors be severed and referred to a Special Referee to hear and report. Judgment reversed on the law, with costs; motion to dismiss the petition granted; and petition dismissed, with costs to the receiver Edward Pious. No questions of fact have been considered. In our opinion, the motion of the receiver Pious to dismiss the petition should have been granted. He was appointed receiver by the Supreme Court, New York County, in an action under the Martin Act (General Business Law, § 353-a); and the funds in his possession and the United States Treasury bills in the bank's possession, belonging to the judgment debtors or any of them, are *in custodia legis*. There is neither allegation nor proof that petitioner obtained the leave of that court to institute this proceeding. In the absence of such permission to sue, the Supreme Court in Queens County lacked jurisdiction to entertain the petition in this proceeding (*Barton* v. *Barbour*, 104 U. S. 126; *Matter of Schuyler's Steam Tow Boat Co.*, 136 N. Y. 169; *Matter of Christian Jensen Co.*, 128 N. Y. 550; *Town of Greenburgh* v. *Shalleck*, 247 App. Div. 813; *Matter of Frankle*, 241 App. Div. 767; *Matter of New York Municipal Ry. Corp.* v. *Holliday*, 189 App. Div. 814, affd. 228 N. Y. 561). Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Hopkins, JJ., concur.