█ GRACE KILARJIAN, Respondent, v. GEORGE G. KILARJIAN, Respondent. MARY K. KILARJIAN, Appellant.— In this action for separation, a judgment creditor of defendant appeals from two orders of the Supreme Court, Nassau County, dated July 31, 1968 and October 7, 1968, the first *inter alia* denying appellant's motion to vacate or modify an order of said court dated February 23, 1965, which appointed plaintiff-respondent as sequestration receiver of defendant-respondent's property, and the second denying appellant's motion for reargument or resettlement of the first order. Order dated July 31, 1968 reversed, on the law and the facts, without costs, and (1) appellant's original motion granted to the extent that plaintiff-respondent is directed to (a) receive for consideration and disposition, subject to the order of the court at Special Term, appellant's claim as a judgment creditor with respect to funds coming into plaintiff-respondent's hands as receiver and (b) furnish an undertaking in the sum of $21,000, with corporate surety, that she will faithfully discharge her duties as receiver; and (2) the stay contained in the order to show cause made at Special Term, dated May 3, 1968, is continued pending the furnishing of such undertaking. The undertaking is herewith directed to be furnished within 10 days after entry of the order hereon. Appeal from order dated October 7, 1968 dismissed as academic, without costs. In general, all claims pertaining to the distribution and apportionment of any funds coming into a receiver's hands are for the court of appointment to determine (*Dailey* v. *Gidinsky,* 293 N. Y. 889; *Alexander* v. *Hillman,* 296 U. S. 222); and creditors, though not parties to the suit, have a right to be heard (*Klasko Finance Corp.* v. *Belleaire Hotel Corp.,* 257 N. Y. 1, 4; *Trustees* v. *Greenough,* 105 U. S. 527). Further, a receiver may not sue or be sued without the express permission of the court that appointed him (*Thompson* v. *Brunswick-Balke-Collender Co.,* 288 N. Y. 550; *Foster* v. *Townshend,* 68 N. Y. 203; *Wildermuth* v. *Pious,* 21 A D 2d 912);

and, the defect being jurisdictional, it cannot be cured by an order of the appointing court, *nunc pro tunc* (*Stock* v. *Mann*, 255 N. Y. 100, 103; *Matter of Cohen* v. *Cocoline Prods.*, 3 A D 2d 711; *Oswego Falls Corp.* v. *City of Fulton*, 148 Misc. 170, 176, affd. 241 App. Div. 650; *Lang* v. *Merchants Mut. Cas. Co.*, 203 Misc. 258). Accordingly, appellant's claim as a judgment creditor may properly be heard in the court in Nassau County, in which plaintiff-respondent was appointed receiver in sequestration of her husband's assets, and not in the interpleader action pending in New York County, wherein she was originally joined in her individual capacity. In the circumstances, the Special Term erred in declining to accept jurisdiction of appellant's claim on the stated ground that it could be determined in the pending action in New York County (*Porter* v. *Russell*, 271 App. Div. 542, affd. 296 N. Y. 985; *Creegan* v. *Sczykno*, 24 A D 2d 756). In view of the indicated liquidated amount of the receivership *res*, we deem it appropriate that the receiver's undertaking, originally fixed at $1,000, be increased correspondingly. Christ, Acting P. J., Brennan, Rabin, Munder and Martuscello, JJ., concur. Motion by appellant to punish plaintiff-respondent for contempt of court and for other and alternative relief and cross motion by plaintiff-respondent for leave to deposit a certain check with the Clerk of the County of Nassau. Motion and cross motion denied in all respects. Christ, Acting P. J., Brennan, Rabin, Munder and Martuscello, JJ., concur.