OPINION OF THE COURT
Margaret Taylor, J.
Plaintiff sues defendant for premiums due and owing on three insurance policies covering three different properties. The complaint states three causes of action. The first cause of action is for premiums due on a policy insuring premises located at 1075 Nelson Avenue in The Bronx; the second cause of action is for premiums due on a policy insuring premises located at 110 St. Nicholas Avenue in New York City; and the third cause of action concerns a policy insuring the premises at 1329 Grand Concourse in The Bronx. Defendant was ap *88 pointed receiver of the rents and profits of the Nelson Avenue property by the Supreme Court of Bronx County on August 12, 1975 and was discharged by an order of that court dated September 11, 1978. The Supreme Court of New York County appointed defendant the receiver of the St. Nicholas Avenue property on October 29, 1976 and to date, has not discharged him. Defendant is not the receiver of the Grand Concourse property, and he did not enter into a contract of insurance for this property in his individual capacity.
Plaintiff seeks to sue defendant receiver in his individual capacity. Defendant moves to dismiss the complaint pursuant to CPLR 3211 (subd [a], pars 2, 7).
It is defendant’s position that, as a matter of law, the first and second causes of action can only state a claim against the receiver in his official capacity and plaintiff may not bring suit against a receiver in his official capacity without leave of the court which appointed him. Defendant claims, that the failure to obtain leave to sue is a jurisdictional defect which obliges this court to dismiss the first and second causes of action. Defendant also moves to dismiss the third cause of action on the ground that it fails to state a cause of action.
Defendant’s motion to dismiss the third cause of action pursuant to CPLR 3211 (subd [a], par 7) is granted. Defendant, in his affidavit in support of his motion, states that he was never appointed the receiver of the Grand Concourse premises insured under Policy No. 66-1888917.
Plaintiff has failed to come forward with any evidentiary material either in its moving papers or in oral argument before this court to show the existence of a cause of action against defendant on this policy of insurance. The affidavit of the attorney for plaintiff is without probative value since he is without personal knowledge of the material facts. (See Talcott, Inc. v Dayan, NYLJ, Sept. 18, 1975, p 6, col 4.) Accordingly, the third cause of action is dismissed.
Defendant’s motion to dismiss the first and second causes of action for lack of jurisdiction is granted only to the extent of staying the plaintiff from proceeding with the prosecution of these claims until it has applied for and received leave to sue the defendant receiver from the appropriate appointing courts.
 Plaintiff contends that it is entitled to sue defendant in his individual capacity without leave of court for the premiums due on the two insurance policies purchased by him *89 for his receivership properties. However, the court finds from the papers submitted on this motion and oral argument that defendant receiver was specifically authorized by the appointing courts to maintain fire insurance policies on each property, that defendant entered into these contracts in the performance of his official duties and that he fully disclosed to the plaintiff that he was acting in his official capacity. It is the rule in this jurisdiction that: "actions against receivers growing out of the performance of their duties within the scope of their powers under valid orders of the court appointing them do not bind them personally, but are regarded as brought against the receivership, and judgments recovered in such actions are payable only from funds in the receiver’s hands.” (66 Am Jur 2d, Receivers, § 442; see Sager Mfg. Co. v Smith, 45 App Div 358, affd 167 NY 600; 149 Clinton Ave. North v Grassi, 51 AD2d 502; Meltzer v Grazi, 10 AD2d 869.) The court concludes from the foregoing that, as a matter of law, plaintiffs suit against defendant receiver derives solely from his performance of official duties specifically authorized by the courts that appointed him. Accordingly, plaintiff sues defendant in his official capacity as receiver and must obtain the court’s leave. Since defendant has been discharged as receiver of the property insured under the policy sued upon in the first cause of action, plaintiff must first petition the Bronx Supreme Court to vacate its order of discharge before seeking leave to sue. (149 Clinton Ave. North v Grassi, supra; Matter of Frankle v MacMurray, 241 App Div 767; 66 Am Jur 2d, Receivers, § 487.)
It is defendant receiver’s contention that plaintiffs failure to obtain leave of court to sue him is a jurisdictional defect requiring dismissal of both the first and second causes of action. This is the position taken by the Appellate Division, Second Department: "[A] receiver may not sue or be sued without the express permission of the court that appointed him [citations omitted]; and, the defect being jurisdictional, it cannot be cured by an order of the appointing court, nunc pro tunc [citations omitted].” (Kilarjian v Kilarjian, 32 AD2d 542-543.) However, the Court of Appeals has approved of the contrary view: "The commencement of an action against a receiver without leave does not affect the jurisdiction of the court. [Citations omitted.] The rule requiring leave to sue a receiver is not statutory and is not elementary to the action. Suing without leave is purely a question of contempt of *90 court.” (Pruyn v McCreary, 105 App Div 302, 303, affd 182 NY 568.) Dean Joseph M. McLaughlin, observing this conflict of authorities, prefers the view that the failure to obtain leave to sue is nonjurisdictional: "The rule that court leave is required before suing a receiver is judge-made, not statutory. It would seem, therefore, that the policies behind the rule are not as compelling as they might be if they were embodied in legislation. Accordingly, it is submitted that the older view should be preferred and the defect held non-jurisdictional.” (McLaughlin, Supplementary Practice Commentaries, 1970, McKinney’s Cons Laws of NY, Book 7B, CPLR 6401, p 136.) This is the prevailing view in most other jurisdictions. (See Ann. 29 ALR 1460.)
The requirement that leave of the appointing court be obtained before its receiver may be sued evolved to guarantee fairness in the disposal of property held in receivership. The rule insured that the appointing court had notice of all suits by and against the receiver. Barring suits instituted without leave protected claimants of the receivership property from any one creditor obtaining unfair advantage by suing without leave, and then obtaining and satisfying a judgment before any other, earlier claimant. The rule also permits the court to oversee the conduct of its receiver.
These policy considerations are quite sensible but their usefulness would not be diminished if the failure to obtain leave to sue were a nonjurisdictional defect. Professor Siegel takes the view that obtaining leave is a condition precedent to a suit against a receiver and not a jurisdictional defect. (Siegel, New York Practice, § 32; see Town of Greenburgh v Shalleck, 247 App Div 813.)
This court adheres to the view that this defect is nonjurisdictional and accordingly will not dismiss plaintiffs first and second causes of action. However, plaintiff is stayed from proceeding on these claims until it has obtained leave to sue from the courts appointing defendant receiver of the properties insured by it. With respect to its first cause of action, where defendant was discharged by the court in September of 1978, plaintiff must first move to vacate the order of discharge in order to obtain leave to sue.