OPINION OF THE COURT
Harold Hyman, J.
The issues presented on this motion cry out for definitive analysis and for clarification and determination, there being conflict in position as between the decisions of various appel *612 late departments. To the above conflicting positions one might additionally add those of Professor Joseph M. McLaughlin and Professor David Siegel.
The facts in the instant matter are classical, truly characteristic of the factual situations wherein the issues presented herein arise; it is, therefore, necessary to set forth, in brief, a synopsis of the agreed facts and dates discerned from the papers submitted.
By order of the court dated June 19, 1975 the defendant, presently named, was duly appointed the receiver in a mortgage foreclosure action of certain realty; the plaintiff was injured in a fall upon said realty on November 29, 1975; the defendant was permitted to resign as receiver and was discharged as such by court order dated February 17, 1976.
Thereafter, on May 3, 1976 plaintiff served summons and complaint naming defendant individually, not in a representative capacity in the summons, although in the complaint plaintiff specifically avers that defendant was, at the time of the occurrence, "acting pursuant to and by virtue of the powers granted * * * at that time in his official capacity as a receiver.”
There therefore cannot be any question that the defendant, and his liability insurer, knew the specific capacity in which the defendant was named and was being sued regardless of the erroneous caption of the action.
On February 18, 1977 (nine months after the summons and complaint had been served) the defendant appeared and answered by counsel nominated by his liability insurance company. A reading of the answer interposed did not in any way apprise the plaintiff of any special defense relevant to any form of jurisdictional question, whether it be over the person of defendant or subject matter of the action. It can be judiciously assumed, that, had such a special defense of "lack of jurisdiction of the subject matter” (CPLR 3211, subd [a], par 2) or "lack of jurisdiction of the person of defendant” (CPLR 3211, subd [a], par 8) been pleaded by defendant, it or they would have been the basis of a motion to dismiss made by plaintiff. At the very least the plaintiff would have had knowledge thereof and could not thereafter claim surprise.
It is to be noted that the defendant, movant, fails to state whether his motion is based upon "subject matter” or as to "in personam” jurisdiction, and, therefore, the court must assume movant means either or both.
*613 It is the court’s opinion that it can presently summarily dispose of one issue, that is as to "jurisdiction over the person of defendant” under CPLR 3211 (subd [a], par 8) since the rule afore-mentioned provides that "objection based upon a ground specified in paragraph * * * eight * * * of subdivision (a) is waived if a party * * * having made no objection under subdivision (a), he does not raise such objection in the responsive pleading.” (CPLR 3211, subd [e].) Here, no previous objection under the above rule (CPLR 3211, subd [a], par 8) was made, nor was it raised or included in his response or pleading. What is more, CPLR 320 (subd [b]) specifically and unequivocally provides that, "an appearance of the defendant is equivalent to personal service of the summons upon him, unless an objection to jurisdiction under paragraph eight of subdivision (a) of rule 3211 is asserted by motion or in the answer as provided in rule 3211.” Neither procedure was followed by the defendant in this action, and the objection as to "in personam” jurisdiction must be deemed to have been waived.
The issue then must resolve itself as to whether the alleged defect in jurisdiction, if any, is one going to the "subject matter of the action” under CPLR 3211 (subd [a], par 2), which, the statute provides, may be raised at any time or in a later pleading (CPLR 3211, subd [e]).
The question of whether a court has "jurisdiction over the subject matter” has been defined to mean the power of the court "to enter a judgment in such action” (Denkman v Denkman, 255 App Div 496). It has been also held, that such a challenge to the court’s jurisdiction should be raised by motion for judgment dismissing the complaint or by way of a defense in answer (Johnson v Johnson, 157 NYS2d 328), but there is no dearth of decisions holding that a motion for lack of jurisdiction of the subject matter may be made at any time, even for the first time on appeal (Marony v Applegate, 266 App Div 412).
In the instant action, lacking the procedural error of plaintiff by first not having the receiver’s discharge vacated and obtaining leave to sue (149 Clinton Ave. North v Grassi, 51 AD2d 502, 507; Kilarjian v Kilarjian, 32 AD2d 542; Wildermuth v Pious, 21 AD2d 912, 913), there is no question that this court would have jurisdiction over the subject matter of this simple negligence action. The alleged prohibition as to suing a receiver without sanction of the court is not based *614 upon any legislative enactment, it is Judge made, and, as such, it is subject to equitable sanctions and, if necessary, equitable relief.
Further, were it not for the fact that the defendant, whose appearance and answer was made by his liability insurance company’s legal representative, had withheld such motion to "the very trial itself’, as a complete surprise to plaintiff, plaintiff might now not be met with a defense of Statute of Limitations should plaintiff be relegated to the commencement of a new action.
The court has many times held that litigation is not a game of wits, and that it is not a matter wherein one party may attempt to outwit or outfox the other by deliberate prejudicial withholding of information or technicality in mere procedure. The present situation cries out for judicious aid in seeing to it that justice be done on the merits of the controversy not upon a mere correctible technicality, and that is particularly so herein where defendant cannot now, nor does it claim the slightest prejudice. Likewise, defendant’s liability insurer, who was paid a premium just for coverage in such matters, cannot now claim that it is being prejudiced. Certainly defendant cannot now claim loches by virtue of delay since it has not shown, nor does it claim, the slightest bit of evidence of prejudice to it resulting from any delay (149 Clinton Ave. North v Grassi, supra, pp 506, 507); and, it is on such basis, that this court departs from the alleged stare decisis of Kilarjian (supra).
The motion of defendant to dismiss the complaint is denied without prejudice to the renewal thereof should the plaintiff fail to move within the purview of 149 Clinton Ave. North v Grassi (supra), for affirmative relief within 30 days from the date of service of a copy of the order to be entered herein upon him; and until the expiration of such date this action is stayed (Pruyn v McCreary, 105 App Div 302).