■ James Copeland et al., Respondents, v Abraham Salomon, Appellant. (Action No. 1.) Fulton Savings Bank Kings County, Plaintiff, v Feivel Halberstrom, Doing Business as Mott Avenue Management, et al., Defendants. James Copeland et al., Respondents; Abraham Salomon, Appel-

lant. (Action No. 2.) — In two actions, the first for personal injuries and the second to foreclose a mortgage, Abraham Salomon appeals from two orders of the Supreme Court, Queens County, dated May 20, 1980 and July 22, 1980, respectively, the first of which, *inter alia,* denied his motion to dismiss the personal injury action for lack of jurisdiction, and the second of which, made in the foreclosure action, *inter alia,* granted the motion of James and Virginia Copeland for permission to institute a personal injury action against Salomon as Receiver, *nunc pro tunc.* Orders reversed, on the law, with one bill of $50 costs and disbursements, motion to dismiss granted and motion for leave to institute a personal injury action denied. A Receiver may not sue or be sued without the express permission of the court that appointed him. As failure to comply with this condition precedent is jurisdictional, it cannot be cured by an order of the appointing court *nunc pro tunc (Kilarjian v Kilarjian,* 32 AD2d 542). Mangano, Gulotta and Thompson, JJ., concur.

Titone, J. P., concurs in the result on constraint of *Kilarjian v Kilarjian* (32 AD2d 542). [103 Misc 2d 611.]