OPINION OF THE COURT
John R. Tenney, J.
Plaintiff, a psychiatric patient at the Benjamin Rush Center, was injured when she jumped from a window at the center on September 8, 1979. A summons and complaint was delivered to the Sheriff on August 31, 1982, and purportedly personally served upon defendant Francis McCarthy the same day. Counsel for defendant’s liability insurance carrier served an answer on October 7, 1982. Thereafter, various documents, records and letters were exchanged among counsel.
Some time in late 1982 or early 1983, counsel for the insurance carrier discovered that defendant was not in the country at the time of the alleged service. In this motion, defendant seeks leave to amend the answer to add the affirmative defense of Statute of Limitations and lack of personal jurisdiction.
A hearing on the issue of personal service was held before the Honorable Donald H. Miller on February 14, 1983. Upon exiting the hearing, defendant McCarthy was “re-served” with a new summons and complaint to which an answer containing the affirmative defenses has been submitted.
*82 Justice Miller found that defendant “was not personally served on August 31, 1982, pursuant to Article 3 of the CPLR”. Now the court is being asked to decide if there has been a waiver of the defense of lack of personal jurisdiction because the insurance carrier failed to raise it in its October 7 answer.
CPLR 3211 (subd [e]) states that the? defense of lack of personal jurisdiction is waived if not included in a motion to dismiss or raised in the responsive pleading. Similarly, CPLR 320 (subd [b]) states, in part, that “an appearance of the defendant is equivalent to personal service of the summons upon him, unless an objection to jurisdiction under paragraph eight of subdivision (a) of rule 3211 is asserted by motion or in the answer”.
An answer filed by an insurance carrier should be treated as a general appearance. (Copeland v Salomon, 103 Misc 2d 611.) It is conclusive evidence of authority to represent the defendant. Failure to raise the issue of service shall constitute a waiver.
Therefore, leave to amend to add the defense should be denied. In light of this holding, it is unnecessary to determine the validity of personal service immediately following the hearing before Justice Miller. However, it would appear that the defendant would not have immunity from service while attending judicial proceedings since that doctrine only protects nondomiciliaries (Chauvin v Dayon, 14 AD2d 146; Merigone v Seaboard Capital Corp., 85 Misc 2d 965), whereas there is clearly jurisdiction, under CPLR 301 or 302 here.
The request to add the defense of Statute of Limitations should be granted. But the passing of the two and one-half year limit on the malpractice claims will necessarily depend on whether the statute was tolled by plaintiff’s insanity. That issue can be resolved at the trial.