OPINION OF THE COURT
Richard F. Braun, J.
In this action for breach of a contract for work, labor, and services, plaintiff moves to substitute as party defendant the receiver appointed for defendant Fort Tryon Apartment Corp. in lieu of said defendant. Only the receiver opposes the motion.
Arthur Harris was appointed receiver, pursuant to RPAPL 1325, in a mortgage foreclosure action in Supreme Court, New York County, against defendant as mortgagor. CPLR 1017 provides: "If a receiver is appointed for a party, or a corporate party is dissolved, the court shall order substitution of the proper parties.” The proper party to be substituted here is Arthur Harris, the receiver, for defendant Fort Tryon Apartment Corp.
The receiver tries to distinguish for purposes of substitution under CPLR 1017 between receivers appointed in a foreclosure action, such as him, and receivers appointed pursuant to Business Corporation Law §§ 1202 and 1203. He argues that substitution is required for the latter type of receiver but not the former.
The receiver endeavors to create a rationale why substitution is not required for receivers appointed in foreclosure actions. It is true, as the receiver argues, that he is not agent for defendant in his role as receiver, but rather he is an arm of the Supreme Court in the foreclosure action (see, Stannard v Reid & Co., 118 App Div 304, 314 [1st Dept 1907], affd without opn 195 NY 530 [1909]). However, contrary to the receiver’s contention as to foreclosure action receivers, as officers of the court, both those receivers, as well as those appointed under the Business Corporation Law, are responsible for preserving the property committed to their charge for the benefit of creditors (see, Copeland v Salomon, 56 NY2d 222, 228 [1982] [receiver appointed in a mortgage foreclosure action]; Cohen v Sherman, 279 App Div 939 [2d Dept 1952] [receiver appointed under a predecessor to Business Corporation Law § 1203]; Oliner v American-Oriental Banking Corp., 252 App Div 212 [2d Dept 1937] [same]; Patton v Compania Aerea Viajes Expresos de Venezuela, 9 Misc 2d 333 [Sup Ct, NY County 1958] [same]).
Most important, the wording of CPLR 1017 is mandatory. The provision requires that the substitution "shall” be ordered. *252 The terms of CPLR 1017 make no distinction, as reached for by the receiver, that substitution is commanded for certain kinds of receivers but not for others.
The receiver is correct that this court cannot order him to be substituted as a party defendant without an order of the Supreme Court granting leave to substitute him. No such permission has been obtained by plaintiff. In order to sue a receiver, leave of the appointing court must be obtained (Copeland v Salomon, supra, 56 NY2d, at 228; Wildermuth v Pious, 21 AD2d 912, 913 [2d Dept 1964]). This is so the appointing court can protect the receiver and the estate from harassment and unnecessary litigation, and conserve the estate (Copeland v Salomon, supra, at 228). Because the impact of granting the motion to substitute the receiver as a party defendant would be the same as it would be if plaintiff sued the receiver directly, the same rule should apply that leave of the appointing court is required.
Thus, the motion must be denied. If leave is granted to plaintiff by the Supreme Court, then plaintiff may renew in Special Term, Part I of this court its motion to substitute the receiver as party defendant in this action.